THE WAYNE BUILDING & LOAN CO., APPELLEE, *v.* HOOVER ET AL.; SANDO ET AL., EXRS., APPELLANTS, ET AL.

[Cite as Wayne Bldg. & Loan Co. v. Hoover, 12 Ohio St. 2d 62.]

(No. 40654—Decided December 6, 1967.)

64

*Messrs. Funk, Funk & Eberhart* and *Mr. Edward K. Eberhart,* for appellee.

*Messrs. Amer, Cunningham, Cunningham, Brennen & Miller* and *Mr. Richard T. Cunningham,* for appellants.

TAFT, C. J. Probably because of *Read* v. *Toledo Loan Co.* (1903), 68 Ohio St. 280, 67 N. E. 729, it is not contended that Section 5301.01, Revised Code, has not been complied with merely because the notary public who certified the acknowledgment and subscribed his name to the certificate of the acknowledgment was also one of two witnesses who attested the signing of the mortgagor and subscribed his name to the attestation. Admittedly, the mortgage involved in the instant case was

signed in the presence of a notary public but the makers thereof did nothing else to indicate their acknowledgment thereof.

The question therefore is whether the mere signing in the presence of a notary public may amount to the acknowledgment required by Section 5301.01, Revised Code.

There are authorities which seem to support either an affirmative[1] or a negative[2] answer to this question. See 29 A. L. R. 919, and 25 A. L. R. 2d 1124.

In our opinion, the answer to this question depends upon the words of Section 5301.01, Revised Code. Apart from that statutory section, the statutes of Ohio provide no guidance as to the meaning of the statutory words "signing * * *acknowledged by the * * * mortgagor * * * before * * * a * * * notary public."

That statutory section requires that the "signing" by the mortgagor "must be acknowledged by the * * * mortgagor * * * in the presence of two witnesses," but also requires that those two witnesses "shall attest the signing and subscribe their names to the attestation." The word, "attest," means "to bear witness to." See Webster's Third New International Dictionary (1961). See also *State, ex rel. State Bridge Comm.,* v. *Griffith* (1940), 136 Ohio St. 334, 25 N. E. 2d 847.

Thus, the certificate provided for in the statute requires each of the two witnesses to bear witness to "the signing" but requires neither to certify anything more with respect to the statutory requirement that the "signing * * * be acknowledged by the * * * mortgagor * * * in" their "presence."

The reasonable conclusion from these statutory provisions is that, where a witness has seen the signing, there has necessarily been an "acknowledgment" of such "signing" by the signer in his presence. Thus, it appears that the statute considers that one who witnesses a signing necessarily witnesses an acknowledgment of such signing. It follows that, where a

[1]*Manufacturers' Finance Co.* v. *Amazon Cotton Mills Co.* (1921), 182 N. C. 408, 109 S. E. 67, 29 A. L. R. 916; *Hoboken Land & Improvement Co.* v. *Kerrigan* (1864), 31 N. J. L. 13; *Brownson* v. *Scanlan* (1883), 59 Tex. 222; *Wise* v. *Postlewait* (1869), 3 W. Va. 452; *In Re Hammett* (1923), 286 F. 392.

[2]*McOuatt* v. *McOuatt* (1946), 320 Mass. 410, 69 N. E. 2d 806; *Punchard* v. *Masterson* (1907), 100 Tex. 479, 101 S. W. 204; *Guyer* v. *Union Trust Co. of Indianapolis* (1914), 55 Ind. App. 472, 104 N. E. 82.

notary public witnesses a signing by the mortgagor, there has been an acknowledgment of such signing before such notary public within the meaning of the words used in Section 5301.01, Revised Code.[3]

In our opinion, in the absence of some evidence to the contrary, one who signs his signature to a document in the presence of another thereby acknowledges his signing thereof to such other.

What little authority there is in Ohio supports this conclusion. In addition to *Read* v. *Toledo Loan Co. supra* (68 Ohio St. 280), see *Baldwin* v. *Snowden* (1860), 11 Ohio St. 203, 204, 205, 206, 210, 211.

There is no evidence in the instant case that will support any other conclusion.

In view of the conclusion which we have reached, it is unnecessary for us to consider whether the Common Pleas Court and the Court of Appeals were correct in holding that the judgment lien was invalid.

If the mortgage lien is valid as we hold it is, there would admittedly be insufficient proceeds from sale of the mortgaged property to provide anything for that judgment lien. Hence, anything we said with respect to validity of the judgment lien would amount to dicta.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

---

[3]On the other hand, one before whom the mortgagor acknowledges his signing does not necessarily witness the signing. Thus, in *White* v. *Denman* (1853), 1 Ohio St. 110, it was held in effect that a statutory certificate by the notary of the "acknowledgment" of "the signing" could not, *ipso facto*, amount to the required attestation (*i. e.* witnessing) by such notary as a witness of "the signing." But cf. statement in the opinion in *Read* v. *Toledo Loan Co. supra* (68 Ohio St. 280), at 297, indicating that a witness may be sufficient if he either "saw the grantor sign the instrument *or* heard him acknowledge the same."