**In re Christopher and Carolyn NOLAN, Debtor(s)**

**Thomas J. Geygan, Trustee, Plaintiff**

**v.**

**World Savings Bank, FSB, Defendants.**

**Bankruptcy No. 05–12017.**
**Adversary No. 05–1283.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

March 21, 2007.

Thomas Glennon, Cincinnati, OH, for Debtors.

Henry E. Menninger, Jr., Cincinnati, OH, for Trustee/Plaintiff.

David A. Freeburg, McFadden & Associates Co., L.P.A., Cleveland, OH, J Michael Debbeler, Graydon Head & Ritchey Llp, Cincinnati, OH, for Defendant.

## ORDER GRANTING PLAINTIFF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on the parties' cross-motions for summary judgment and responses (Doc. 22, 23, 30).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

The issue before the Court is whether the abbreviated notary acknowledgment clause renders the mortgage defective under Ohio Revised Code § 5301.01 and avoidable by the Chapter 7 Trustee.

Summary judgment is appropriate when the pleadings, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Bankruptcy Rule 7056.

The material facts are not in dispute. The subject mortgage in favor of World Savings Bank ("WSB") was executed by Christopher and Carolyn Nolan before two witnesses and a notary. The mortgage is somewhat unusual in several respects. The borrower signature page (page 12 of 13) is separate from the witness signature page (page 13 of 13). Both the borrower signature page and the witness signature page contain the preprinted phrase "ATTACH INDIVIDUAL NOTARY ACKNOWLEDGMENT." There is no preprinted acknowledgment clause. Rather, the hand-written words "Witness my hand this 23rd day of May, 2000" appear next to the signature of Tina Harrison, the notary public. Ms. Harrison placed her combination notarial stamp and seal on a separate unnumbered page. In its cross-motion for summary judgment, WSB alleges that Ms. Harrison handwrote the phrase "Witness my hand this 23rd day of May, 2000" on the mortgage. Interestingly, in Mrs. Harrison's subsequently filed affidavit, she indicates that she did *not* handwrite the phrase. Therefore, there is a question of fact as to whose handwriting it is. However, it is not a material fact because for the reasons stated below, the acknowledgment clause is defective regardless of who wrote the phrase.

A bankruptcy trustee may avoid a transfer that is avoidable by a bona fide purchaser. 11 U.S.C. § 544(a)(3). *In re Zaptocky,* 250 F.3d 1020, 1028 (6th Cir.2001). Under Ohio law, only properly executed mortgages take priority over a bona fide purchaser. *E.g., In re Huffman,* 369 F.3d 972, 974 (6th Cir.2004).

For a mortgage to be properly executed, Ohio Revised Code § 5301.01 requires a mortgage to be signed "... before a judge or clerk of court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgment and subscribe the official's name to the certificate of the acknowledgment."

■ Ohio Revised Code § 147.53 specifies that a person taking an acknowledgment "shall certify that: (A) The person acknowledging appeared before him and acknowledged he executed the instrument; [and] (B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument." Ohio Revised Code § 147.54 states that the form of a certificate of acknowledgment is proper if it either is "in a form prescribed by the laws or regulations of this state" or if it "contains the words 'acknowledged before me' or their substantial equivalent." Ohio Revised Code § 147.55(A) sets forth a prescribed form as follows:

"State of

County of

The foregoing instrument was acknowledged before me by this (date) by (name of person acknowledged.)

(Signature of person taking acknowledgment)

(Title or rank)

(Serial number if any)"

■ We conclude that the phrase "witness my hand" does not satisfy either requirement (A) or (B) of an acknowledgment. For this reason, as a matter of law, the purported "acknowledgment" is defective.

Assuming, *arguendo,* that the phrase "witness my hand" was found to be the substantial equivalent of "acknowledged before me," the phrase fails to recite the name of either of the borrowers whose execution of the mortgage was purportedly acknowledged. For this reason, as a matter of law, the purported "acknowledgment" is defective. *See Smith's Lessee v. Hunt,* 13 Ohio 260 (1844)(Supreme Court of Ohio held mortgage was defective where notary acknowledgment clause was blank as to sole grantor's name). *See also In re Wheeler,* 2006 WL 1645214 (S.D.Ohio 2006)(omission of wife's name from notary acknowledgment clause rendered mortgage defective as to wife's interest); *In re Wolfzorn,* Adv. No. 03–1674 (Bankr. S.D.Ohio Sept. 30, 2004)(omission of wife's name from notary acknowledgment clause rendered mortgage defective as to wife's interest).

WSB contends that there is no requirement that the person whose signature is being acknowledged be named in the acknowledgment clause and that this is a requirement that was "judicially created" by the Court in *In re Wheeler.* This argument has no merit. Ohio Revised Code §§ 147.53, 147.54 and 147.55 clearly require some identification of the person whose signature is being acknowledged. This requirement satisfies the primary purpose of the acknowledgment on a mortgage that the person signing the mortgage is indeed the person to whom the mortgage obligation runs.

Citing *Wayne Building & Loan v. Hoover,* 41 O.O.2d 279, 12 Ohio St.2d 62, 231 N.E.2d 873 (1967), WSB contends that a

person who signs a document in the presence of a notary, as a matter of law, acknowledges his signing thereof to the notary. This is true. However, *Hoover* is distinguishable because the acknowledgment clause in *Hoover* was not alleged to be defective. *See In re Wheeler*, 2006 WL 1645214 at *3 (distinguishing *Hoover* and explaining that *Hoover* "stand[s] for nothing more than common sense proposition that verbal acknowledgment need not precede a written acknowledgment").

 WSB also contends that the phrase "witness my hand" is a form of a jurat, and therefore, that it satisfies the acknowledgment requirement of Ohio Revised Code § 5301.01. We disagree. WSB has cited no caselaw in support of its position. A jurat is a "certificate of officer or person before whom writing was sworn to." *Stern v. Bd. of Elections of Cuyahoga County*, 14 Ohio St.2d 175, 237 N.E.2d 313 (1968)(quoting Black's Law Dictionary (4th ed.) 990). A jurat does not encompass the identification requirement of Subsection (B) of Ohio Revised Code § 147.53.

Lastly, WSB contends that on the petition filing date, the title to the property was held not by the Debtors but by Carolyn Nolan, Trustee of the Carolyn Nolan Trust Agreement dated December 9, 1988. Therefore, WSB contends, the Trustee did not acquire bona fide purchaser status. We disagree. The Debtors' transfers of the property to a partnership controlled by them, followed by a transfer to a grantor-controlled revocable trust for the benefit of the grantor, were previously set aside by this Court as being fraudulent. *See* Adv. No. 06–1240 (consent judgment entered August 28, 2006). Under principles of equity, the Debtors' fraudulent acts may not be asserted by WSB as a defense to the Trustee's lien avoidance action. Also, as noted by the Trustee, the estate includes all legal or equitable interests of the Debtors as of the commencement of the case under 11 U.S.C. § 541(a)(1). *See* Doc. 30, p. 3 –7.

We conclude that the abbreviated notary acknowledgment clause renders the mortgage defective under Ohio Revised Code § 5301.01 and that the mortgage is avoided by the Trustee.

Accordingly, the Trustee's motion for summary judgment is hereby GRANTED; and WSB's motion for summary judgment is hereby DENIED.

IT IS SO ORDERED.