ELECTRONIC CITATION: 2008 FED App. 0005P (6th Cir.)
File Name: 08b0005p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re: CHRISTOPHER PATRICK NOLAN )
and CAROLYN ANN NOLAN, )
                           )
         Debtors. )
_____ )
                           )
THOMAS J. GEYGAN, Trustee, )
                           ) No. 07-8013
         Plaintiff-Appellee, )
                           )
         v. )
                           )
WORLD SAVINGS BANK, FSB, )
                           )
         Defendant-Appellant. )
_____ )

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division, Cincinnati.
No. 05-12017; Adversary No. 05-1283.

Argued: November 14, 2007

Decided and Filed: March 12, 2008

Before: GREGG, PARSONS, and SCOTT, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** J. Michael Debbeler, GRAYDON, HEAD & RITCHEY, Cincinnati, Ohio, for Appellant. Henry E. Menninger, WOOD & LAMPING, Cincinnati, Ohio, for Appellee. **ON BRIEF:** J. Michael Debbeler, GRAYDON, HEAD & RITCHEY, Cincinnati, Ohio, David A. Freeburg, McFADDEN & FREEBURG CO., L.P.A., Cleveland, Ohio, for Appellant. Henry E. Menninger, WOOD & LAMPING, Cincinnati, Ohio, for Appellee.

---

**OPINION**

---

JOSEPH M. SCOTT, JR., Bankruptcy Appellate Panel Judge. World Savings Bank, FSB ("WSB") appeals the bankruptcy court's order granting summary judgment to the bankruptcy trustee (the "Trustee") on his complaint to avoid the mortgage lien of WSB. The bankruptcy court held that the mortgage's certificate of acknowledgment did not comply with Ohio law and the Trustee was a bona fide purchaser under the Bankruptcy Code. For the reasons that follow, the bankruptcy court's order is AFFIRMED.

## I. ISSUES ON APPEAL

The issues presented are whether the bankruptcy court was correct in ruling that the phrase "witness my hand" was not the substantial equivalent of the phrase "acknowledged before me" under Ohio law regarding acknowledgments and that the Trustee acquired bona fide purchaser status under the Bankruptcy Code.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to hear and decide this appeal. 28 U.S.C. § 158. The United States District Court for the Southern District of Ohio has authorized appeals to the BAP, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of a bankruptcy court may be appealed by right under 28 U.S.C. 158(a)(1). An order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). An order granting a trustee's motion for summary judgment resulting in the avoidance of a mortgage lien is a final order. *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001).

A bankruptcy court's grant of summary judgment is reviewed de novo. *Id*. Likewise, the court's interpretation and application of the Bankruptcy Code and state law are reviewed de novo. *Ruskin v. DaimlerChrysler Servs. N. Am., L.L.C. (In re Adkins)*, 425 F.3d 296, 298 (6th Cir. 2005);

*Van Aken v. Van Aken (In re Van Aken)*, 320 B.R. 620, 623 (B.A.P. 6th Cir. 2005). "De novo means that the appellate court determines the law independently of the trial court's determination." *O'Brien v. Ravenswood Apartments, Ltd. (In re Ravenswood Apartments, Ltd.)*, 338 B.R. 307, 310 (B.A.P. 6th Cir. 2006) (citations omitted). "No deference is given to the trial court's conclusions of law." *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Solutions, Inc.)*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006).

## III.   FACTS

On May 23, 2000, Christopher and Carolyn Nolan (the "Debtors") signed a note in the amount of $327,600 in favor of WSB for property located in West Chester, Ohio (the "Property"). On the signature page of the mortgage, below the signatures of the Debtors and handwritten beside the signature of Tina Harrison ("Harrison"), a notary public in the state of Ohio, is the phrase "Witness my hand this 23rd day of May, 2000."[1]  Harrison's name is hand-printed below her signature.  Below Harrison's name is the printed phrase "ATTACH INDIVIDUAL NOTARY ACKNOWLEDGMENT," beside of which are the handwritten words "See Attachment," although no notary acknowledgment is attached.  The following page has the signatures of William Tinker and Harrison as witnesses, and the next page has a notary stamp for Harrison.

On December 30, 2002, the Debtors transferred the Property to the Nolan Family Limited Partnership (the "Partnership"), and approximately one year later, on December 11, 2003, the Partnership transferred the Property to Carolyn Nolan, Trustee of the Carolyn Nolan Trust Agreement dated December 9, 1988 (the "Trust").

On March 23, 2005, the Debtors filed their joint voluntary petition for relief under chapter 7 of the Bankruptcy Code.[2]  The Debtors listed the Property on Schedule A and indicated that the nature of their interest was an "equitable interest."

---

[1] Although there is dispute concerning who wrote the phrase because Harrison states in her affidavit that she did not write it, and counsel for WSB states in briefing that the Debtors wrote it, who wrote the phrase is not a material fact, as noted by the bankruptcy court, because it is not outcome-determinative of whether the phrase complies with Ohio law regarding acknowledgments.

[2] Because the Debtors filed their bankruptcy petition prior to October 17, 2005, the case is governed by the Bankruptcy Code without regard to the amendments made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1330 (2004), unless otherwise specifically noted.

On August 16, 2006, the Trustee filed a complaint against Carolyn Nolan, as Trustee of the Trust, and the Debtors, individually and as general partners of the Partnership, seeking to avoid the transfers of the Property as fraudulent conveyances. The bankruptcy court entered a consent judgment in that adversary proceeding on August 28, 2006, avoiding the transfers and "thereby vesting title" in the Trustee. (Jt. App. at 478.)

The Trustee commenced this instant adversary proceeding against WSB on December 20, 2005, alleging that the mortgage was not executed in accordance with Ohio law and, therefore, was avoidable pursuant to 11 U.S.C. § 544(a)(3). The bankruptcy court entered an order on March 21, 2007, granting the Trustee's motion for summary judgment and denying WSB's motion for summary judgment. The court held that the phrase "witness my hand" does not satisfy the requirements for an acknowledgment under Ohio law, thus making the purported acknowledgment defective such that the Trustee, as a bona fide purchaser, could avoid the mortgage lien under the Bankruptcy Code. WSB timely filed this appeal.

## IV.   DISCUSSION

A.   *Whether the bankruptcy court was correct in ruling that the purported certificate of acknowledgment does not comply with the requirements of Ohio law regarding acknowledgments.*

Ohio Revised Code § 5301.01(A) states that a mortgage "shall" be signed by the mortgagor, and that "[t]he signing shall be acknowledged by the . . . mortgagor . . . before a judge or clerk of a court of record in this state, or a county auditor, country engineer, notary public, or mayor, who shall certify the acknowledgment and subscribe the official's name to the certificate of the acknowledgment."

Ohio Revised Code §§ 147.53, 147.54, and 147.55 prescribe what is required of an acknowledgment. Section 147.53 requires that the person taking an acknowledgment certify:

(A) The person acknowledging appeared before him and acknowledged he executed the instrument;

(B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

Section 147.54 states that a certificate of acknowledgment is acceptable if it is in a form prescribed by Ohio law or by the law of the place in which the acknowledgment is taken *or* has the words

-4-

"'acknowledged before me,' or their substantial equivalent." The prescribed form of an acknowledgment for an individual under Ohio law is set forth in Section 147.55:

State of _____
County of _____

The foregoing instrument was acknowledged before me this (date) by (name of person acknowledged).

(Signature of person taking acknowledgment)
(Title or rank)


As concluded by the bankruptcy court, the purported acknowledgment, which has only the phrase "witness my hand," does not meet the requirements of Ohio Revised Code § 147.54. The purported acknowledgment is not in the form prescribed by Section 147.55, and it does not contain the words "acknowledged before me." Moreover, the phrase "witness my hand" is not the substantial equivalent of the phrase "acknowledged before me." As set forth in Ohio Revised Code 147.541:

The words "acknowledged before me" means that:

(A) the person acknowledging appeared before the person taking the acknowledgment;

(B) He acknowledged he executed the instrument;

(C) In the case of :

(1) A natural person, he executed the instrument for the purposes therein stated; [and]

(D) The person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate.

In contrast, the words "witness my hand" are not defined in the Ohio statutes, and left to their ordinary meaning, indicate only that the witnessing individual observed the signing of the document by another individual. Even if this language could be said to satisfy subsections (A) and (B) of Section 147.541, *see Wayne Building & Loan, Co. v. Hoover*, 231 N.E.2d 873, 876 (1967) ("one who signs his signature to a document in the presence of another thereby acknowledges his signing thereof to the other"), in no way does it suggest either (C) or (D). And, the addition of the words "See Attachment" suggests that there was no intention to rely on the words "witness my hand" as an acknowledgment and that the parties intended to attach a formal acknowledgment.

Contrary to WSB's argument, these deficiencies are not remedied by considering the document as a whole, including the notary seal on the last page and the printed words under Harrison's signature, "Attach Individual Notary Acknowledgment. " Neither this language nor the seal nor the two considered in combination with the rest of the document stand for the proposition that their presence indicated that the notary knew or had satisfactory evidence that the persons signing were the persons named in the instrument.

The bankruptcy court also concluded in this regard that even if the phrase "witness my hand" was determined to be the substantial equivalent of "acknowledged before me," the acknowledgment is defective because the names of the borrowers are not recited. We agree. "Ohio Revised Code §§ 147.53, 147.54 and 147.55 clearly require some identification of the person whose signature is being acknowledged. This requirement satisfies the primary purpose of the acknowledgment on a mortgage that the person signing the mortgage is indeed the person to whom the mortgage obligation runs." (Jt. App. at 336.)

This Bankruptcy Appellate Panel recently has held on several occasions, *albeit* looking to Kentucky law, that an acknowledgment in a recorded mortgage that does not identify the individuals who signed the document is defective. *Select Portfolio Servs., Inc. v. Burden (In re Trujillo)*, 378 B.R. 526 (B.A.P. 6th Cir. 2007); *MG Invs., Inc. v. Johnson (In re Cocanougher)*, 378 B.R. 518 (B.A.P. 6th Cir. 2007); *Burden v. CitGroup/Consumer Fin., Inc. (In re Wilson)*, 378 B.R. 416, 2007 WL 3374801 (B.A.P. 6th Cir. Nov. 14, 2007) (unpublished table decision); s*ee also Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004) (holding that under Tennessee law, acknowledgment for deed of trust that omitted debtors' names from notarization section was invalid). Although no Ohio court has specifically addressed this issue, the Ohio and Kentucky statutes are virtually identical. As such, we find the case law construing the Kentucky statutes to be highly persuasive in this regard.

We also agree with the bankruptcy court's conclusion that the failure of the purported acknowledgment here is not saved by calling it a jurat. The Ohio Supreme Court has defined "jurat" as a "[c]ertificate of officer or person before whom writing was sworn to." *Stern v. Bd. of Elections of Cuyahoga County*, 237 N.E.2d 313, 317 (Ohio 1968) (quoting *Black's Law Dictionary* 990 (4th ed.)); s*ee Black's Law Dictionary* (8th ed. 2004) (A jurat is "[a] certification added to an affidavit

or deposition stating when and before what authority the affidavit or deposition was made."). Obviously, here we are not concerned with an affidavit or deposition. More significantly, a jurat does not satisfy the acknowledgment requirements of Ohio law, as noted by the bankruptcy court.

B.    *Whether the bankruptcy court was correct in ruling that the Trustee acquired bona fide purchaser status and thus was entitled to avoid the mortgage lien.*

WSB argues in this appeal that the Trustee could not be a bona fide purchaser of the Property under 11 U.S.C. § 544(a)(3) because the Debtors did not have legal title to the Property as of the commencement of the case.  *See* 11 U.S.C. § 544(a)(3) ("The trustee shall have, as of the commencement of the case, . . . the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by . . . a bona fide purchaser of real property . . . from the debtor . . . that obtains the status of a bona fide purchaser at the time of the commencement of the case . . . .").  However, WSB's argument is misguided in that § 544(a)(3) does not require that the debtor have *legal title* to the real property in question, only that the hypothetical bona fide purchaser be a "purchaser of real property . . . from the debtor" at the time of the bankruptcy filing.  *See* 2 David G. Epstein, Steve H. Nickles & James J. White, *Bankruptcy* § 6-61, at 116 (1992) ("Section 544(a) does not limit the trustee to avoiding interest in property that the debtor actually owns when the case commences.").  As explained in Epstein, Nickles & White's *Bankruptcy*:

> The trustee can use section 544(a) even against interests in property in which the debtor actually has *no rights* when the petition is filed.  The section expressly permits avoiding prepetition transfers of the debtor's property, and avoidance of such a transfer is possible through section 544(a) even if the transfer left the debtor without any rights to the property at the time of the bankruptcy.  The key is whether, notwithstanding the transfer, a subsequent lien creditor or purchaser claiming *through* the debtor would, under local law, acquire rights to the property superior to the interest of the prior transferee.

*Id.* at 116-17 (emphasis added).

"The legal fiction created by [Section 544(a)] assumes a transfer from the debtor to a bona fide purchaser on the date of filing.  The trustee is then clothed with whatever legal rights the bona fide purchaser would possess."  *Id.* at 116 n.34 (quoting *In re Granada, Inc.*, 92 B.R. 501, 504 (Bankr. D. Utah 1988)).  Undisputably, if the Debtors had transferred (*e.g.*, in a quitclaim deed) whatever interest they had in the Property to a hypothetical bona fide purchaser on the date of the bankruptcy filing, the interest of the bona fide purchaser would be superior to that of WSB, even though the avoidance of WSB's lien had not yet taken place.

Moreover, it is clear that as of the bankruptcy filing the Debtors had an interest in the Property, notwithstanding the previous fraudulent transfers. The Sixth Circuit Court of Appeals has observed that an action by a bankruptcy trustee to recover property fraudulently transferred by the debtor "is essentially an action to recover property that belongs to the debtor." *Nat'l Labor Relations Bd. v. Martin Arsham Sewing Co.*, 873 F.2d 884, 887 (6th Cir. 1989) (citing *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1275 (5th Cir. 1983) (observing that while the transferee may have colorable title to the property, the equitable interest is considered to remain in the debtor). Similarly, it has been noted that "Ohio law provides that fraudulently conveyed property remains in the debtor for purposes of recovery by the creditors . . . [and that] [a]s to creditors, a fraudulent transaction is void . . . ." *Famous Supply Co. v. Cent. Heating & Air Conditioning, Inc. (In re Cent. Heating & Air Conditioning)*, 64 B.R. 733, 736 (N.D. Ohio 1986) (citations omitted).

Under bankruptcy law, as of the commencement of the bankruptcy case, the Debtors' interest in the Property, whether a legal or an equitable interest, became property of their bankruptcy estate as provided by 11 U.S.C. § 541(a)(1). Property of the estate also includes any property that is recovered under 11 U.S.C. § 550 or that is preserved for the benefit of the estate under 11 U.S.C. § 551. *See* 11 U.S.C. § 541(a)(3), (a)(4). Once a transfer is avoided, Section 550 allows a trustee to recover the property from the initial transferee or any immediate or mediate transferee of such initial transferee, while Section 551 preserves the avoided fraudulent transfer, with respect to the property, for the benefit of the estate. *See* 11 U.S.C. §§ 550(a) and 551.

Additionally, as noted by the bankruptcy court, "[u]nder principles of equity, the Debtors' fraudulent acts may not be asserted by WSB as a defense to the Trustee's lien avoidance action." (Jt. App. at 337.) To put it simply, WSB may not use the Debtors' fraudulent acts either as a sword or a shield in order to defeat the Trustee's claim.

## V. CONCLUSION

The order of the bankruptcy court is AFFIRMED.