In re John E. ROBERTS and Judy
K. Roberts, Debtors.

Clyde Hardesty, Trustee, Plaintiff,

v.

Citifinancial, Inc., Defendant.

Bankruptcy No. 08–51945.
Adversary No. 08–2171.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 25, 2009.

David P. Dentinger, Columbus, OH, for Debtors.

William Todd Drown, Folland & Drown, LPA, Mount Vernon, OH, for Trustee, Plaintiff.

Amelia A. Bower, Columbus, OH, Phyllis A. Ulrich, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

### I. Introduction

This cause came on for consideration of the Motion for Summary Judgment (Doc. No. 11) filed by the Plaintiff, Chapter 7 Trustee Clyde Hardesty ("Trustee"), the Response (Doc. No. 12) filed by the Defendant, Citifinancial, Inc. ("Citifinancial"), and the Reply filed by the Trustee (Doc. 13). The Court, having considered the record and the arguments of the parties, makes the following findings of fact and conclusions of law.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This adversary proceeding arose in the Chapter 7 bankruptcy case of John E. Roberts and Judy K. Roberts ("Debtors" or "Roberts"). Based on an allegedly defective certificate of acknowledgment, the Trustee seeks to avoid the Debtor's mortgage with Citifinancial (Count I) and preserve the mortgage for the benefit of the Debtors' estates (Count II). For the reasons stated below, the Court concludes that the certificate of acknowledgment complied with Ohio law and that the Motion for Summary Judgment should be denied.

### II. Findings of Fact

The facts upon which this adversary proceeding may be decided are without dispute and may be summarized as follows:

The Trustee is seeking to avoid a mortgage on residential real property located at 24 Van Buren Street, Muskingum County, Zanesville, Ohio ("Property"). Prior to their bankruptcy, on December 18, 2007, the Roberts obtained a loan from Citifinancial and granted it a mortgage on the Property ("Mortgage"), which was recorded on December 19, 2007. "Borrower" is defined on the first page of the Mortgage as "John E. Roberts Judy K. Roberts Husband and Wife[.]" The Mortgage's granting clause, which states that "Borrower

has executed this Mortgage[,]" is followed by the signatures and printed names of John E. Roberts and Judy K. Roberts.

The signatures are followed by a certificate of acknowledgment ("Acknowledgment"), which states as follows:

STATE OF OHIO. *Muskingum* County ss:

Executed before me on *18th* day of *Dec.2007* by *John E. Roberts & Judy K. Roberts,* the individuals who, under penalty of perjury in violation of Section 2921.11 of the Ohio Revised Code,[1] executed the foregoing instrument and that *they* did examine and read the same and did sign the foregoing instrument, and the same is *their* free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

My Commission Expires: 03–01–10
 (seal)

/s/**Stephanie K. DuBeck**[2]
**Stephanie K. DuBeck** Notary Public

This instrument was prepared by:
CITIFINANCIAL, INC.
3572 MAPLE AVE
ZANESVILLE OH 43701

STEPHANIE K. DuBECK
Notary Public State of Ohio
My Commission Expires 03–01–10

The notary public signed the Acknowledgment and stamped it with her official seal beside her signature.

## III. Conclusions of Law

### A. Standard of Review for Motions for Summary Judgment

Fed.R.Civ.P. 56(c), made applicable to adversary proceedings by Bankruptcy Rule 7056, provides as follows:

> The motion [for summary judgment] must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant satisfies this burden, the nonmoving party must then "set out specific facts showing a genuine issue for trial." Fed.

---

1. The penalty of perjury under Ohio Revised Code § 2921.11 would not be imposed for a false statement made in a mortgage because that section applies only to statements made "in any official proceeding ... under oath or affirmation...." Ohio Rev.Code Ann. § 2921.11(A) (West 2009). Ohio Revised Code § 2921.13, which imposes liability for "falsification," might apply to false statements made in a mortgage. There is no evidence of any false statements made in the Mortgage or the Acknowledgment. Moreover, Ohio law does not require a certification of acknowledgment to reference perjury or falsification. Therefore, the reference to per-jury is surplusage and, as such, does not affect the validity of the Acknowledgment. *See Shults v. Moore*, 22 F. Cas. 51, 52 (C.C.D.Ohio 1839) (No. 12,824) ("Every thing said in the certificate [that] was not required for the due authentication of the acknowledgment ... may be rejected as surplusage, if enough appear[s] to authenticate the act.").

2. The text reproduced in bold was handwritten; the remaining text was printed in type. The "/s/" followed by the notary public's name represents her actual signature on the document. The Court has not attempted to replicate the notary public's seal.

R.Civ.P. 56(e)(2). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the nonmoving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit has articulated the following standard to apply when evaluating a motion for summary judgment:

> [T]he moving [party] may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on

which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.,* 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.,* 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. If otherwise appropriate, summary judgment may also be entered for a nonmoving party. *K.E. Res., Ltd. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.),* 119 F.3d 409, 412 (6th Cir. 1997); *see also Celotex,* 477 U.S. at 326, 106 S.Ct. 2548 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.").

**B. Arguments of the Parties**

The parties agree that, under § 544(a)(3),[3] the Trustee's status as a

---

**3.** Section 544(a)(3) of the Bankruptcy Code provides in pertinent part as follows:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor ... that is voidable by ... a bona fide purchaser of real property ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such

transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). Whether the Trustee's rights as a bona fide purchaser defeat Citifinancial's mortgage interest depends on applicable state law. *See Monnie v. Field (In re Bross),* 2006 WL 2381542 at *3 (S.D.Ohio Aug. 16, 2006) ("State law defines who may be a bona fide purchaser."). Here, the Property is located in Ohio, and the parties agree that Ohio law applies.

hypothetical bona fide purchaser of the Property would survive any actual notice of the Mortgage and that, under Ohio Revised Code § 5301.25(A),[4] the Trustee would not have constructive notice of the Mortgage if it were defectively executed. The parties, however, disagree on whether the Acknowledgment is defectively executed.

The Trustee contends that the Acknowledgment is defectively executed because it does not contain the words *"acknowledged before me"* or their substantial equivalent and does not follow a form of acknowledgment authorized by Ohio law. In particular, the Trustee argues that, even though the Acknowledgment identifies the Roberts by name and states that they executed the Mortgage before her, the Acknowledgment nonetheless is deficient in that it: (i) does not state that the notary public either knew, or had satisfactory evidence showing, that the persons acknowledging their signatures were in fact the Roberts; and (ii) does not state that the Roberts executed the Mortgage for the purposes therein stated.

Citifinancial contends that the Acknowledgment meets each of the requirements of Ohio law. According to Citifinancial, the phrase *"executed before me"*—when combined with other language in the Acknowledgment—is the substantial equivalent of the phrase *"acknowledged before me."* Citifinancial also points out that, although Ohio law authorizes certain acknowledgment forms, it expressly does not preclude the use of other forms, such as the one used in the Acknowledgment.

**4.** Ohio Revised Code § 5301.25(A) provides as follows:
 (A) All ... instruments of writing properly executed for the conveyance or encumbrance of lands ... shall be recorded in the office of the county recorder of the county in which the premises are situated. Until

## C. Validity of the Acknowledgment

 Because the Ohio Supreme Court has not yet ruled on the validity of a certificate of acknowledgment like the one at issue in the instant adversary proceeding, the Court's role is to "ascertain how that court would rule if it were faced with the issue." *Meridian Mut. Ins. Co. v. Kellman,* 197 F.3d 1178, 1181 (6th Cir. 1999). In so doing, the Court may consult "doctrinal trends embraced by [Ohio's] appellate courts" as well as "decisions from other jurisdictions...." *Rousey v. United States,* 115 F.3d 394, 397 (6th Cir.1997) (citations and internal quotation marks omitted). Ohio Revised Code § 5301.01(A) addresses the acknowledgment of mortgages as follows:

 A ... mortgage ... shall be signed by the ... mortgagor ... The signing shall be acknowledged by the ... mortgagor ... before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

Ohio Rev.Code Ann. § 5301.01(A). For a notarized mortgage to comply with this statute, "(1) [the mortgage] must be signed by the mortgagor; (2) the signing of the mortgage must be acknowledged before [the] notary public; (3) the notary public must certify that acknowledgment; and (4) the notary public must subscribe his name to the certificate of acknowledgment." *Drown v. GreenPoint Mortgage Funding, Inc. (In re Leahy),* 376 B.R. 826, 832

so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former ... instrument.
Ohio Rev.Code Ann. § 5301.25(A) (West 2009).

(Bankr.S.D.Ohio 2007). The Roberts signed the Mortgage and the notary public signed the Acknowledgment as required by the statute.

■ The Court also concludes that the Roberts satisfied the requirement that they acknowledge their signatures before the notary public. Under Ohio law, "in the absence of evidence to the contrary, one who signs his name to a document in the presence of another thereby acknowledges his signing thereof to such other." *Wayne Bldg. & Loan Co. v. Hoover*, 12 Ohio St.2d 62, 231 N.E.2d 873, 874 (1967). The Acknowledgment expressly states that the Roberts *executed* the Mortgage *before me.* The word *executed* has been defined as follows:

> **executed,** *adj.* 1. (Of a document) that has been signed <an executed will> ... "A contract is frequently said to be *executed* when the document has been signed, or has been signed, sealed, and delivered...." William R. Anson, *Principles of the Law of Contract* 26 n. * (Arthur L. Corbin ed., 3d Am. ed.1919).

*Black's Law Dictionary* (8th ed.2004). In the context of a document such as a mortgage, therefore, "[t]he common law meaning of 'execute' is to perform all the necessary formalities required to give validity to a document, including signing." *Seva Resorts, Inc. v. Hodel*, 675 F.Supp. 1542, 1548 (D.Ariz.1987), *aff'd*, 876 F.2d 1394 (9th Cir. 1989). *Cf. State v. O'Neill*, 1992 WL 63308 at *6 (Ohio Ct.App. Mar. 24, 1992) (" '[E]xecute' in the statute ... by its ordinary meaning in regard to a commercial note or loan means 'sign' or 'complete,' as opposed to 'prepare for signature.' "). Thus, at a minimum, the word *executed* as used in the Acknowledgment means *"signed."*

The Court now turns to the words *"before me."* In their legal sense, these words mean *"in my presence."* See *Jagoe v. Blocksom*, 440 A.2d 1022, 1024 (Me.1982) ("Such phrase or language, 'Subscribed and sworn to before me,' fairly and reasonably means ... that the claimant subscribed the claim in the presence of the notary...."). In the context of the Mortgage, therefore, the phrase *executed before me* signifies that the Roberts signed the Mortgage in the presence of the notary public. And, under Ohio law, absent contrary evidence, an individual who signs a document in the presence of another thereby acknowledges the signing to that other person. *See Hoover*, 231 N.E.2d at 874. The parties have not presented any contrary evidence. Accordingly, the Court concludes that the Roberts acknowledged their signatures before the notary public, satisfying yet another requirement of § 5301.01(A).

■ That leaves only the requirement under § 5301.01(A) that the notary public certify the Acknowledgment. Ohio Revised Code § 147.53 requires that a person taking an acknowledgment actually make two certifications. First, the notary public must certify that "[t]he person acknowledging appeared before him and acknowledged he executed the instrument[.]" Ohio Rev.Code Ann. § 147.53(A). Second, the notary public must certify that "[t]he person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument." Ohio Rev.Code Ann. § 147.53(B). Section 147.541 states that use of the phrase *"acknowledged before me "* signifies that: "(A) [t]he person acknowledging appeared before the [notary public]; (B) [the person appearing] acknowledged he [or she] executed the instrument; (C) [i]n the case of: (1) A natural person, he [or she] executed the instrument for the purposes therein stated; ... [and] ... (D) [the notary public] either knew or had satisfactory evi-

dence that the person acknowledging was the person named in the instrument or certificate." Ohio Rev.Code Ann. § 147.541. That phrase is not included in the acknowledgment at issue here. Ohio law, however, does not require that a notary public use particular words or follow a prescribed form of acknowledgment. *See Brown v. Farran,* 3 Ohio 140, 154, 1827 WL 36 at *9 (Ohio 1827) ("If the certificate contains the substance of the law, though in the language of the officer, it is sufficient. On any other principle, it is a matter of doubt whether the records of the state contain a solitary deed with a valid acknowledgment. It is, however, safe and prudent to adopt the language of the act, with but little, if any variation, and yet it would be attended with destructive consequences to consider such an adherence as essential to the validity of an acknowledgment."). In fact, Ohio Revised Code § 147.55 provides that "[t]he forms of acknowledgment set forth in this section *may* be used.... The authorization of the forms in this section does not preclude the use of other forms." Ohio Revised Code Ann. § 147.55 (emphasis added).

In light of the Ohio Supreme Court's decision in *Brown,* the Court must conclude that the notary public, as required by § 147.53(A), certified that the Roberts appeared before her and that they acknowledged they executed the Mortgage. True, the Acknowledgment did not expressly state that the Roberts took those actions. But in *Brown* the Ohio Supreme Court held that public officials need not make their certifications expressly but rather may do so with language that allows a third party to make an "irresistible inference" that the requirements of the law were met:

It may become a question, then, how far the [certifying official] may deviate from the words of the act. [The] certificate must contain the substance of everything required by the law. No sub-

stantial part of the provision can be dispensed with. [The facts to be certified] must appear expressly, or by irresistible inference from the language of the certificate....

*Brown,* 3 Ohio 140, 154, 1827 WL 36 at *9 (emphasis added). *See also Adm'r of Veterans Affairs v. City Loan,* 1985 WL 9128 at *2 (Ohio Ct.App. May 7, 1985) ("The Supreme Court has stated that the certificate of acknowledgment must show, either in express terms, or by necessary implication, a compliance with every substantial requisition of the law.") (citing *Brown v. Farran* ). And the words used by the notary public in the instant case—*executed before me*—necessarily imply that the Roberts appeared before her. In addition, under *Hoover,* those words necessarily imply that the Roberts acknowledged that they executed the Mortgage when they signed it in her presence. Thus, applying *Brown,* the Court finds that the notary public made the required § 147.53(A) certification.

### (i) Certification regarding the identities of the mortgagors

▮▮▮ The Court also concludes that the notary public, as required by § 147.53(B), certified that she had satisfactory evidence that the persons signing the Mortgage were John E. Roberts and Judy K. Roberts. In the Acknowledgment, the notary public begins by stating that the Mortgage is being "[e]xecuted before me ... by John E. Roberts & Judy K. Roberts" and then also states that "John E. Roberts & Judy K. Roberts, the individuals who ... executed the foregoing instrument...." A notary public who certifies that individuals performed an act "when in fact they did not makes an untrue statement which may be followed by both civil and criminal liability." *Commercial Bus. Sys. v. Aztec P'ship,* 1997 WL 674659 at *4 (Ohio Ct.App. Oct. 31, 1997) (internal quo-

tation marks omitted), *appeal dismissed,* 81 Ohio St.3d 1410, 688 N.E.2d 525 (1998). A notary public is a public officer,[5] and "[t]he rule is generally accepted that, in the absence of evidence to the contrary, public officers ... will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner." *State ex rel. Boccuzzi v. Cuyahoga Cty. Bd. of Commrs.,* 112 Ohio St.3d 438, 860 N.E.2d 749, 753 (2007) (internal quotation marks omitted). In light of the presumption that the notary public properly performed her duties, the Court finds—as an irresistible inference of her statement that the Roberts were the persons who executed the Mortgage in her presence—that the notary public had satisfactory evidence of the Roberts's identities. Accordingly, under the Ohio Supreme Court's *Brown* decision, the Court concludes that the notary public certified that she had satisfactory evidence of the Roberts's identities and that the Acknowledgment therefore met the § 147.53(B) certification requirement.

In *Geygan v. World Savs. Bank, FSB (In re Nolan),* 383 B.R. 391, 395 (6th Cir. BAP 2008), the Bankruptcy Appellate Panel for the Sixth Circuit ("BAP") ruled on the meaning of another phrase used in a certification in lieu of "*acknowledged before me.*" The BAP held that the phrase in that case, "*witness my hand,*" indicated only that the notary public "observed the signing of the document by another individual" and failed to indicate that the notary public had satisfactory evidence of the identity of that individual. *See Nolan,* 383 B.R. at 395. The *Nolan* court also held that the reference to an attached notary acknowledgment "suggest[ed] that there was no intention to rely on the words 'witness my hand' as an acknowledgment and that the parties intended to attach a formal acknowledgment." *Nolan,* 383

B.R. at 396. The Court also noted that the certificate of acknowledgment failed to include the name of the mortgagors. *See Nolan,* 383 B.R. at 396.

In the instant case, the phrase "*executed before me by*" followed by the names of the individuals signing the Mortgage carries more meaning than the phrase "*witness my hand.*" The Trustee has cited no decision holding invalid a certificate of acknowledgment that uses the phrase "*executed before me.*" In fact, the parties have not cited, and the Court's research has not uncovered, a decision analyzing the validity of a certificate of acknowledgment in a case with a fact pattern precisely on point. But the Court's independent research revealed a decision—*Dunlap v. Commonwealth Cmty. Bank (In re Phelps),* 341 B.R. 848 (Bankr.W.D.Ky.2006)—decided on closely analogous facts. In *Phelps,* a Chapter 7 trustee sought to avoid a mortgage on the basis of an acknowledgment that allegedly was defective under governing Kentucky law because it stated that the mortgagors' signatures were "*subscribed and sworn to before*" rather than "*acknowledged before*" the notary public. As does Ohio law, Kentucky law requires that a notary public certifying an acknowledgment certify that the mortgagors appeared and acknowledged their execution of the mortgage and also requires the notary public to certify that he or she either knew the mortgagors or had satisfactory evidence that the persons signing the mortgagors were the persons described in the mortgage. *See* Kentucky Revised Statutes § 423.130. In *Phelps,* the bankruptcy court held that the phrase "*subscribed and sworn to before*" the notary public effectuated the required certifications. *See Phelps,* 341 B.R. at 852. As the *Phelps* court did in applying Kentucky law to the phrase "*subscribed and sworn*

---

**5.** *See Jii v. Rhodes,* 577 F.Supp. 1128, 1131 (S.D.Ohio 1983).

*to before,*" the Court concludes that the phrase *"executed before me"* satisfies the certification requirements of § 147.53(B).

### (ii) Certification regarding purpose for which the Mortgage was executed

The parties agree that, in Ohio, a notary public's form of certification of acknowledgment must be accepted (as long as the acknowledging party's name is included in the form) if the form contains the phrase *"acknowledged before me"* or their substantial equivalent. *See* Ohio Revised Code Ann. § 147.54. This is because Ohio law defines the words *"acknowledged before me"* such that they incorporate the certification requirements of § 147.53. As discussed above, under Ohio Revised Code § 147.541, when a notary public uses the words *"acknowledged before me,"* those words mean that: "(A) [t]he person acknowledging appeared before the [notary public]; (B) [the person appearing] acknowledged he [or she] executed the instrument; (C) [i]n the case of: (1) A natural person, he [or she] executed the instrument for the purposes therein stated; ... [and] ... (D) [the notary public] either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate." Ohio Rev.Code Ann. § 147.541. The only part of the definition of *"acknowledged before me"* set forth in § 147.541 that arguably augments the certification requirements of § 147.53 is the phrase *"he [or she] executed the instrument for the purposes therein stated."* Ohio Rev.Code. Ann. § 147.541(C)(1). The notary public expressly stated in the Acknowledgment that the Roberts examined and read the Mortgage and that they signed it in her presence as their free act and deed. The Court infers from this statement that the Roberts executed the Mortgage for the purposes therein stated

and also finds that the notary public so certified.

### IV. Count II

In Count II, the Trustee seeks to preserve the Mortgage for benefit of the Debtors' estates pursuant to § 551, under which "[a]ny transfer avoided under section ... 544 ... is preserved for the benefit of the estate...." Because the Court has concluded that the Mortgage is not avoidable, this remedy is not available to the Trustee.

### V. Conclusion

The Trustee has not carried his burden of proving the avoidability of the Mortgage. For the foregoing reasons, the Court **DENIES** the Motion for Summary Judgment. Summary Judgment is **GRANTED** against the Trustee and in favor of Citifinancial on both counts of the Complaint. A separate final judgment will be entered in accordance with the foregoing.

**IT IS SO ORDERED.**