**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0134n.06

**No 09-4448**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Mar 01, 2011**
LEONARD GREEN, Clerk

| | |
|---|---|
| In re:  JOHN E. ROBERTS <br> JUDY K. ROBERTS <br> HONOR M. FRIESNER, JR. <br><br> Debtors, <br> ------------------------------------------------ <br> CLYDE HARDESTY, <br> WILLIAM TODD DROWN, <br><br> Appellants, <br><br> v. <br><br> CITIFINANCIAL, INC., <br><br> Appellee. | ON APPEAL FROM THE BANKRUPTCY APPELLATE PANEL |

Before: DAUGHTREY, CLAY, and WHITE, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.   In this consolidated appeal, we are asked to reverse the decisions of the bankruptcy court denying the Trustees' request to avoid the Debtors' mortgages with the Creditor, CitiFinancial, Inc., based on allegedly defective certificates of acknowledgment in the mortgage documents.  The bankruptcy judge held in each case that the certificates complied with Ohio law, and the Bankruptcy Appellate Panel summarily affirmed the bankruptcy judge's decisions.  The Trustees now request that we set aside the rulings in CitiFinancial's favor.  We conclude, as did the

Panel, that the bankruptcy judge's well-reasoned and well-articulated opinion correctly applies relevant Ohio law and must, therefore, be affirmed.

The crux of the disagreement between the Trustees and the Creditor in these two cases is whether the phrase "executed before me," which was used in both certificates of acknowledgment at issue, is the substantial equivalent of the phrase "acknowledged before me" in the certificate of acknowledgment required by OHIO REV. CODE ANN. § 5301.01(A) in order to validate a transfer of land. The language in question appears at the bottom of pre-printed forms provided by CitiFinancial in each case, as follows:

> Executed before me on ___ day of _____ by _____, the individuals who, under penalty of perjury in violation of Section 2921.11 of the Ohio Revised Code, executed the foregoing instrument and that they did examine and read the same and did sign the foregoing instrument, and the same is _____ free act and deed.

Under the Bankruptcy Code, a trustee has the same rights that a bona fide purchaser for value would enjoy under applicable state law, whether or not such a purchaser actually exists. 11 U.S.C. § 544(a)(3). Ohio law dictates that defectively executed transfers of land are not binding on any subsequent bona fide purchasers for value who take the land without knowledge of such a transfer. *See* OHIO REV. CODE ANN. § 5301.25(A). Thus, standing in the shoes of a hypothetical bona fide purchaser, a trustee can avoid a mortgage that was improperly executed under Ohio law. The trustee, however,

has the burden of demonstrating that the mortgage was improperly executed. *See Simon v. First Union Mort. Corp. (In re Burnham)*, 231 B.R. 270, 274 (Bankr. N.D. Ohio 1999).

For a mortgage to be executed properly under Ohio law, it must be signed by the mortgagor; it must be acknowledged by the mortgagor before an authorized official, such as a notary public; the official must certify the acknowledgment; and the official must subscribe his or her name to the certificate of the acknowledgment. *See* OHIO REV. CODE ANN. § 5301.01(A). A statutory short form set out in OHIO REV. CODE ANN. § 147.55 requires only the statement that "[t]he foregoing instrument was acknowledged before me this (date) by (name of person acknowledged)," followed by the signature of the person taking the statement. Section 147.55 also makes it clear, however, that "authorization of the forms in this section does not preclude the use of other forms." Thus, under OHIO REV. CODE ANN. § 147.54(c), "[t]he form of a certificate of acknowledgment . . . shall be accepted in this state if . . . [t]he certificate contains the words 'acknowledged before me,' or their substantial equivalent."

Helpful in determining whether alternate terminology is the substantial equivalent of the phrase "acknowledged before me," is the existence of a definition of the phrase "acknowledged before me" in the Ohio Code that includes four elements:

(A) The person acknowledging appeared before the person taking the acknowledgment;

(B) He acknowledged he executed the instrument;

- 3 -

> (C) In the case of . . . [a] natural person, he executed the instrument for the purposes therein stated;
>
> (D) The person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate.

OHIO REV. CODE ANN. § 147.541. Thus, although use of the phrase "acknowledged before me" is not mandatory, the language of the instrument should communicate effectively the four-part meaning attributed to the phrase "acknowledged before me" in the Ohio Code in order to be the substantial equivalent of the required language. *See Geygan v. World Savs. Bank, FSB (In re Nolan)*, 383 B.R. 391, 395-96 (B.A.P. 6th Cir. 2008) (finding that the phrase "witness my hand" is not the substantial equivalent of "acknowledged before me," because the former phrase did not encapsulate the four-part definition of the latter phrase).

In this case, the bankruptcy judge carefully analyzed the language of the certificate used in the CitiFinancial documents to determine whether it imparted a meaning that is substantially equivalent to the four-part meaning of "acknowledged before me" as defined in the Ohio Code. The judge determined that the first two required elements, appearance and acknowledgment, were easily met in this instance. As to the appearance requirement, the judge noted that the phrase "before me" indicates that the mortgagors were physically in the presence of the person who was to acknowledge their signing, in this case a notary public. Moreover, the pertinent definition of "execute" is "[t]o make (a legal document) valid

by signing; to bring (a legal document) into its final, legally enforceable form." *Black's Law Dictionary* (9th ed. 2009). As to the requirement of acknowledgment, the judge held that, under Ohio law, one who signs a document in the presence of another acknowledges his signature to the witness, absent some contrary evidence. *See Wayne Bldg. & Loan Co. v. Hoover*, 231 N.E.2d 873, 876 (Ohio 1967) ("It follows that, where a notary public witnesses a signing by the mortgagor, there has been an acknowledgment of such signing before such notary public"). In this case, there is no evidence to suggest that the Debtors did not sign in the presence of the notary.

Satisfaction of the third requirement – an acknowledgment that the instrument was executed for the purposes stated therein – is not as clear from the language "executed before me." But, the bankruptcy judge noted that additional language in the CitiFinancial certificate established that the individual Debtors, by name, had "examine[d] and read [the mortgage] and did sign the foregoing instrument . . . [of] their free act and deed." The judge therefore concluded that the mortgagors "executed the Mortgage for the purposes therein stated and . . . the notary public so certified." *Hardesty v. Citifinancial, Inc. (In re Roberts*), 402 B.R. 808, 816 (Bankr. S.D. Ohio 2009).

With regard to the final requirement, certification of the signers' identity, the bankruptcy judge pointed to the two standards that govern certification by a notary public under the Ohio statute: first, that "[t]he person acknowledging appeared before [the notary] and acknowledged he executed the instrument" and, second, that "[t]he person

acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument." OHIO REV. CODE ANN. § 147.53. The judge further observed that the notary in this case had certified not only execution by the named individuals but had also referred to them by name as "the individuals who . . . executed the foregoing instrument . . . ." We conclude that this double reference is an indication of satisfactory knowledge of identity that is equally as strong as that provided by the statutory short form, which recites simply that "[t]he foregoing instrument was acknowledged before me this (date) by (name of person acknowledged)."

The bankruptcy judge also pointed out that a notary public is, under Ohio law, a public officer and that "[t]he rule is generally accepted that, in the absence of evidence to the contrary, public officers . . . will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner." *Hardesty*, 402 B.R. at 815 (quoting *State ex rel. Bocucuzzi v. Cuyahoga County Board of Commissioners*, 860 N.E.2d 749, 753 (Ohio 2007)). In light of this presumption, and in view of the language contained in the acknowledgment, the bankruptcy judge reasonably concluded that the notary public's certification was based upon satisfactory evidence of the mortgagors' identities.

As a result, the bankruptcy judge held that under the circumstances of this case, the language "executed before me" was the substantial equivalent of "acknowledged before

- 6 -

me." She also suggested that, obviously, the better practice would be to utilize the precise language in OHIO REV. CODE ANN. § 147.55, which carries the state legislature's imprimatur and would avoid future disputes of the kind that produced this litigation. Nevertheless, the judge reasonably concluded that in this case "the Trustee ha[d] not carried his burden of proving the avoidability of the Mortgage" and entered judgment in favor of CitiFinancial.

Because we find that the record fully supports this conclusion as a matter of state law, we AFFIRM.