Opinion of the court, by
Judge Burnet :
The complainant sets up a claim of dower in a lot of ground in the city of Cincinnati, of which her husband was seized in fee during coverture, and which he sold and conveyed to the defendant for a valuable consideration, by deed bearing date December, 1818. The deed was signed and sealed by the complainant and by her husband, and attested by two subscribing witnesses.
*An acknowledgment was made at the bottom of the deed in the following words : “ State of Ohio, Hamilton county, ss. Before me, the undersigned, a justice of the peace within and for said county, personally appeared David.Brown, and Catharine Brown, his wife, who having been made acquainted with the contents, and being examined separate and apart, the wife from the husband, acknowledged the above indenture to be their voluntary act and deed, for the uses and purposes therein mentioned. In witness,” etc.
■The deed was executed in December, 1818, after the act of 1805 was repealed by the act which took effect in May, 1818, and which was in force at the time of the execution and acknowledgment. This statute provides that the deed shall be signed and sealed by the husband and wife, and shall be acknowledged before two subscribing witnesses, who shall attest the same. ' It also provides that it shall be acknowledged before a judge, or justice of the peace, who shall examine the wife separate and apart from her husband, and shall read or otherwise make known to her the contents of such deed, and if upon such examination she shall declare that she voluntarily, and of her own free will and accord, without any fear or coercion of her husband, did, and now doth acknowledge the signing and sealing thereof, the said judge or justice shall certify the same, etc.
It is contended, on the part of the complainant, that this acknowledgment is not in conformity with the requirements of the *143 statute, and that it does not, for that reason, bar her right of dower in the premises.
Some of the objections taken to this acknowledgment do not require to be specially reviewed ; as, for example, that the magistrate has not signed it officially, and that the signing and sealing do not appear to have been acknowledged, either before the witnesses or before the justice. To the first of these objections, it is sufficient .to say that the magistrate has described himself, in the body of the certificate, as a justice of the peace, which renders it unnecessary to add his title of office to his name.
The second objection is not strictly correct in point of fact. The signing and sealing was acknowledged before the subscribing witnesses, at the time of the execution, who have ^attested the same as the statute directs, and the instrument was acknowledged, by both husband and wife, to be their voluntary act and deed, before the magistrate, which could not be the fact, unless they had signed and sealed it; for signing and sealing are indispensably necessary to create a deed. This declaration, therefore, is a virtual and substantial acknowledgment of the signing and sealing, both of which are required, by the statute, to create a deed.
The third objection is that it does not appear from the certificate that the wife acted without any fear or coercion of her husband. It is true that those words are not contained in the certificate, but the justice certifies that she acknowledged the deed to be her voluntary act, and if voluntary, it could not have been done under the influence of fear or coercion. The term voluntary is defined to be, acting without compulsion, acting by choice, willing, of one’s own accord. The declaration of the wife, then, on her separate examination, excludes the idea of fear or force. If she executed the instrument willingly, of choice, and of her own accord, as her admission before the justice imports, she could not have been under the influence of fear, much less of coercion. An act done in consequence of fear can not be done willingly and of choice. The one unavoidably excludes the other, so that the magistrate, although be has not used all the words given in the statute, has taken one which includes the substance of all the others.
The next objection is the want of a declaration that the wife did acknowledge the deed before the subscribing witnesses, and that she does acknowledge it before the j ustice. The statute does *144 not, in terms, require such a declaration. The counsel have considered the sentence to which this objection relates as elliptical, and have supplied the omission in their own way. I am willing to admit that the passage is susceptible of the construction they have given it, though the provision would be perfectly useless, as the attestation of the subscribing witnesses furnishes evidence of the first acknowledgment, which it is their duty to hear before they affix their names to the deed. But it is subject to a more serious objection. Cases may arise in which a feme covert signs and seals a deed involuntarily, yet without objection, but with a determination not to acknowledge it before a justice. *On further information and reflection, her objections may be removed; she may become not only willing, but anxious to complete the conveyance by a full and free acknowledgment before a justice of the peace, but on the construction contended for she can not do it without affirming a deliberate falsehood. Now, it is not presumable that the act was intended to prohibit the completion of deeds under such circumstances, or to require it to be done at the expense of the truth; and yet this must be the consequence if the alleged omission in the law be supplied in the manner proposed. It does not appear distinctly from the statute what the term did relates to, whether to the acknowledgment before the witnesses to the signing and sealing, or to anything else. The sense will be complete and equally, if not more useful, by reading that she did sign and seal the deed, and now doth acknowledge the signing and sealing thereof; and this construction is favored by the consideration that no other part of the section requires a declaration from tho wife that she did sign and seal. If this be the correct reading of the elliptical clause, it is contained substantially in the certificate of the magistrate, as we have before seen.
It will not be seriously contended that the magistrate is bound to use the same language that he finds in the statute. The legislature have not undertaken to prescribe a form of acknowledgment that is to be literally pursued. If the certificate contains the substance of the law, though in the language of the officer, it is sufficient. On any other principle, it is a matter of doubt whether the records of the state contain a solitary deed with a valid acknowledgment. It is, however, safe and prudent to adopt the language of the act, with but little, if any variation, and yet *145 it would be attended with destructive consequences to consider such an adherence as essential to the validity of an acknowledgment.
It may become a question, then, how far the magistrate may deviate from the words of the act. I would answer the inquiry by saying that his certificate must contain the substance of everything required by the law. No substantial part of the provision-can be dispensed with. It must appear expressly, or by irresistible inference from the language of the certificate, that the wife was acquainted with the nature of the deed, that she was examined apart from her husband, *that she acknowledged the deed, and admitted that it was her voluntary act, in such terms as necessarily excluded the influence of fear or coercion.
"When the legislature were providing this mode of conveying real estate, by femes covert, in lieu of the common law method, by fine, they must have had two objects in view; first, to simplify the transaction, and secondly, to protect the wives of the grantees-against the exercise of an improper influence by their husbands; and if the requirements of the law are substantially adhered to, these objects will be accomplished, although the officer does not literally pursue the language of the statute. If it would have been proper, at any time, to require such an adherence, it is certainly too late to require it now. A different practice has prevailed since the first establishment of the territorial government, which can not be corrected, without incalculable mischief, and if it had been the opinion of the court, when they were considering and deciding this case, that the words of the statute -ought to be literally copied, and that such should have been the course from the beginning, they would have resorted to the maxim, communis error facit jus, rather than encounter the consequences of shaking the title to an indefinite portion of the state. No law can require the correction of an error in its construction, which has long existed, and has been generally acquiesced in; Lord Coke says, not even Magna Charta. But I do not feel the necessity of resorting to-this maxim. The law, as to the form of the certificate, is directory, though, as to. its substance, it is imperative. The one may be varied; the other must be adhered to. It evidently appears from the certificate on this deed, that the wife was examined apart from her husband; that she was made acquainted with the contents of the deed; that she acknowledged the deed, and admitted it *146 to be her act, and that she acknowledged it to be voluntary on her part. These statements, in substance, embrace everything required by the law, and virtually negative the existence of everything which the law was intended-to prevent. If she understood what she was doing, and, in the absence of her husband, admitted that she had done it, and that she did it voluntarily, which implies the absence of fear or coercion, her rights have had all the protection which the law intended to afford, and she *can not be permitted to revoke her deed, for any defect in form.
I am aware that the mode of conveyance by femes covert, given by our statute, is a substitute for the more difficult mode of conveying by fine in open court, evidenced by the record, and that it was intended to afford equal security to the parties concerned ; and I admit that no construction of the statute can be correct that necessarily impairs that security. The acknowledgment, therefore, must be by the wife in person, in the absence of her husband, before an officer named in the statute, and must be evidenced by his certificate on the deed itself, in an official form. This exposition of the law, while it admits some latitude of inference from what the certificate actually contains, excludes the right of resorting to parol testimony to supply an omission. If any essential part be not distinctly stated, or fáirly inferable from other facts that are stated, the defect can not be remedied, whatever may be the consequence.
In considering this case I have felt it my duty, in accordance with the views of the court, to place it principally on considerations arising from the policy and practice of the state, as far as they are sustained by the principles of law. It will be found, however, on examination, that the cases cited from New York, Pennsylvania, and Maryland, by the defendant’s counsel, go the whole length of sustaining the doctrine maintained in this case.
The bill must be dismissed.