**In re Natasha N. CORNELIUS, Debtor**

**Sara J. Daneman, Trustee, Plaintiff,**

v.

**National City Mortgage Company, Defendant.**

**Bankruptcy No. 08–51751.
Adversary No. 08–02198.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 14, 2009.

Mina Nami Khorrami, Columbus, OH, for Debtor.

Sara J. Daneman, Gahanna, OH, for Plaintiff.

Erin M. Laurito, Springboro, OH, Michelle Polly–Murphy, Wilmington, OH, for Defendant.

### *MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the Plaintiff/Trustee's ("Trustee") Motion for Summary Judgment (Doc. 11), and Defendant National City Mortgage Company's response (Doc. 12), filed in the above-captioned adversary proceeding. The Court having considered the record and the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056,

provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the . . . court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant satisfies this burden, the nonmoving party must then "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

In the instant case, the parties agree that the material facts are not in dispute, and the only issues are those of law.

## II. Findings of Fact

The record reflects the following undisputed facts: On December 10, 2004, Natasha N. Cornelius (formerly known as Natasha N. Bristol) ("Debtor") granted a mortgage ("Mortgage") to National City Mortgage Company ("Defendant") on a home located at 3936 Cleggan Street, Canal Winchester, Ohio 43110. This home constitutes property of Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541. The acknowledgement appended to the mortgage reads: "State of Ohio, Franklin County ss: This instrument was acknowledged before me this 10th of December, 2004, by[.]" The statement is followed by the notarial stamp of Andrea B. Krick, containing the seal and the expiration date of her commission, as well as the signature of Andrea B. Krick on a line labeled "Notary Public." The bottom of the acknowledgement page, like all the pages of the Mortgage, is initialed by Debtor on a line

labeled "Initials." Debtor's full name does not appear on this page in print, type or signature form. On January 11, 2005, the Mortgage was recorded as instrument No. 200501110007493 of the Franklin County Ohio Recorder's Office.

On February 11, 2008, Debtor filed a chapter 7 bankruptcy proceeding. Sara J. Daneman was duly appointed Trustee ("Trustee"). This Motion for Summary Judgment was filed by Trustee on July 11, 2008, and a response was filed by Defendant on August 7, 2008.

The Trustee asserts that the certificate of acknowledgement on the Mortgage is defective in that it omits the name of Debtor and fails to comply with Ohio Revised Code § 5301.01; she argues that, as a hypothetical bona fide purchaser under 11 U.S.C. § 544, the execution and perfection of the Mortgage is invalid as against the Trustee and she is entitled to avoid the Mortgage. Conversely, Defendant asserts that the Mortgage is valid under Ohio law because it substantially complies with the statute and that the Trustee has constructive knowledge of the Mortgage in as much as the Mortgage was filed in the public records.

## III. Conclusions of Law

Pursuant to the Bankruptcy Code, "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by a bona fide purchaser of real property . . . from the debtor . . . ." 11 U.S.C. § 544(a)(3). Courts have uniformly interpreted § 544 to allow the Trustee to "enjoy[ ] the status of a hypothetical bona fide purchaser, without regard to any actual knowledge of the Trustee." *First Southern Bank v. Stamp-*

*hill (In re Stanphill)*, 312 B.R. 691, 694 (Bankr.N.D.Ala.2004) (citations omitted).

 The Ohio Revised Code provides, in pertinent part, as follows:

(A) A deed, mortgage, land contract ... or lease of any interest in real property ... shall be signed by the grantor, mortgagor, vendor or lessor.... The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, ... before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

Ohio Rev.Code Ann. § 5301.01(A) (West 2009). "The acknowledgment before a notary public, or any other public official mentioned in R.C. 5301.01, includes the *formal execution* of the certificate by the officer taking the acknowledgment." *Mid–American Nat'l Bank & Trust Co. v. Gymnastics Int'l, Inc.*, 6 Ohio App.3d 11, 451 N.E.2d 1243, 1245 (Ohio App.1982) (emphasis added). The execution of a mortgage must comply with these statutorily required formalities to be considered valid. *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir.2001). Under Ohio law, an improperly executed mortgage is not entitled to be recorded,[1] and thus "an improperly executed mortgage does not put a subsequent bona fide purchaser on constructive notice." *Id.* at 1028. As a result, a trustee in bankruptcy can avoid it, regardless of any actual knowledge he may have.

 Notwithstanding, if the execution of a mortgage "substantially complies" with the statutory requisites of Ohio Revised Code § 5301.01(A), the mortgage may still be considered valid. *See Menninger v.*

*First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr.S.D.Ohio 2004).

The Ohio Revised Code requires the following in connection with acknowledgments:

The person taking an acknowledgment shall certify that:

(A) The person acknowledging appeared before him and acknowledged he executed the instrument;

(B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

Ohio Rev.Code Ann. § 147.53 (West 2006). The Ohio Revised Code further provides suggested language which is sufficient to qualify as an acknowledgment under Ohio law. *See* Ohio Rev.Code Ann. § 147.55 (West 2006). For example, the language suggested for an acknowledgment of an individual acting in his own right could simply state as follows: "The foregoing instrument was acknowledged before me this (date) by (name of person acknowledged)[.]" *Id.* This language, or something substantially similar, accompanied by the signature of the person taking the acknowledgment is sufficient to satisfy the statutory requirements of Ohio Revised Code § 5301.01.

 In this case, while the Mortgage at issue does contain the acknowledgment language suggested by Ohio Revised Code § 147.55, it does not contain the name of the person required to acknowledge execution of the Mortgage. A notary's signature and seal without language similar to, if not the same as, that contained in

---

1. *See* Ohio Rev.Code § 5301.25(A).

§ 147.55 is insufficient to constitute an acknowledgment of the execution of a mortgage. *See Logan v. Universal 1 Credit Union, Inc. (In re Bozman)*, 2007 WL 4246279, 2007 U.S. Dist. LEXIS 90727 (S.D.Ohio Nov. 28, 2007) (rejecting creditor's argument that signing of the mortgage in the presence of the notary, but without a certification of acknowledgment, was in compliance with § 5301.01); *Field v. Wheeler (In re Wheeler)*, 2006 U.S. Dist. LEXIS 38733, 2006 WL 1645214 (S.D.Ohio June 12, 2006) (same). The absence of the name of the mortgagor acknowledging execution is the functional equivalent of no certificate of acknowledgment and renders an acknowledgment insufficient. Therefore, the execution of the Mortgage in this case fails to comply with all of the statutory requirements because it fails to evince acknowledgment by Debtor or an adequate certification of acknowledgment of Debtor's execution, as required by § 5301.01.

█ Nor does the execution of the Mortgage "substantially comply" with the statutory requirements. Defendant asserts that the acknowledgment complies with Ohio law because Debtor's name appears in the granting clause and she initialed each page. When the validity of a mortgage is challenged for failure to comply with the statutory mandates of Ohio Revised Code § 5301.01, a court can "review the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making the correction.'" *Fryman*, 314 B.R. at 138 (quoting *Dodd v. Bartholomew*, 44 Ohio St. 171, 5 N.E. 866, 867 (1886)). This principle enunciated by the *Dodd* court essentially allows a court to determine whether the execution of a mortgage is in "substantial compliance" with § 5301.01. *See Fryman*, 314 B.R. at 138. Under Ohio law, a mortgage that substantially complies with § 5301.01

will be considered valid. *See Mid-American Nat'l Bank & Trust*, 451 N.E.2d at 1245–46; *Wheeler*, 2006 WL 1645214, *2, 2006 U.S. Dist. LEXIS 38733 at *6. It is true that Debtor initialed each page. However, the Mortgage contains no indicia that she acknowledged the instrument before the notary. Defendant suggests that since the date on the first page of the Mortgage and the date on the acknowledgement clause are the same, this Court should hold that the acknowledgment occurred before the notary. Insertion of the date does not evince acknowledgment; there is simply nothing in the document to show that Debtor acknowledged her signature before the notary.

As discussed above, the Mortgage under consideration does not contain a certificate of acknowledgment, or any semblance of one, certifying that Debtor acknowledged her signature before the notary. Moreover, nothing within the Mortgage at issue provides a means of making the correction because there simply is no language in the document to indicate that Debtor appeared before a notary and acknowledged that she signed the Mortgage. It is not apparent from the Mortgage document that Debtor ever acknowledged signing the instrument. Accordingly, the Mortgage is not in substantial compliance with Ohio Revised Code § 5301.01. The Mortgage, therefore, has not been properly executed.

█ The Mortgage not being properly executed, the Defendant was not entitled to record it, and the Mortgage does not put a subsequent bona fide purchaser on constructive notice of its existence. The party challenging the validity of a mortgage must prove by clear and convincing evidence that the mortgage is not valid. *See Menninger v. Mortgage Elec. Registration Sys. (In re Bowling)*, 314 B.R. 127, 135 (Bankr.S.D.Ohio 2004). The Trustee has proven by clear and convinc-

709

ing evidence that the Mortgage in this case is not entitled to be recorded and does not put a subsequent bona fide purchaser on constructive notice because it fails to contain a certificate of acknowledgment of Debtor's signature, and therefore, was not properly executed. Accordingly, the Trustee, as a subsequent bona fide purchaser pursuant to the authority granted to him under 11 U.S.C. § 544(a)(3), can avoid the Mortgage with respect to Natasha N. Cornelius' interest in the subject property and preserve that avoided interest for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## IV. Conclusion

For the foregoing reasons, the Court finds that the Trustee can avoid the Mortgage and preserve it for the benefit of the bankruptcy estate. Accordingly, the Court hereby GRANTS the Trustee's Motion for Summary Judgment.

A separate final judgment will be entered in accordance with the foregoing.

**IT IS SO ORDERED.**