**In re Diana M. BURNS, Debtor**

**Thomas R. Noland, Plaintiff**

**v.**

**Diana M. Burns et al., Defendants**

**In re Tracey L. Alexander, Debtor**

**Thomas R. Noland, Plaintiff**

**v.**

**Tracey L. Alexander, et al, Defendants.**

**Bankruptcy Nos. 08–32906, 08–32926.
Adversary Nos. 09–3198, 09–3199.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division, at Dayton.

Aug. 5, 2010.

Thomas R. Noland, Dayton, OH, Trustee Plaintiff.

Robert Ross, Dayton, OH, for Plaintiff.

Robert F. Brown, Cincinnati, OH, for Debtor/Defendant Tracey L. Alexander.

Michael J. Chapman, Cincinnati, OH, for Debtor/Defendant Tracey L. Alexander.

Eileen K. Field, Cincinnati, OH, for Debtor/Defendant Diana M. Burns.

Terrence L. Seeberger, Akron, OH, for Allied Home Mortgage Capital Corporation.

Amelia A. Bower, Nathan L. Swehla, Columbus, OH, for Defendant Wells Fargo Home Mortgage, Inc.

Christopher A. Watkins, Lebanon, OH, for Defendant Warren County Treasurer.

Gateway Funding Diversified Mortgage Services, LP, Fort Washington, PA, pro se.

Landing at Willow Pond Homeowners Association, Inc., c/o Amy Ferguson, Statutory Agent, Cincinnati, OH, pro se.

MaryAnne Wilsbacher, Office of the United States Trustee, Columbus, OH, Assistant United States Trustee.

**Decision Granting Motions for Summary Judgment of Plaintiff, Thomas R. Noland, Chapter 7 Trustee**

GUY R. HUMPHREY, Bankruptcy Judge.

## I. Introduction

This decision concerns whether, under Ohio law, a debtor's granting of a mortgage on her real property can be avoided by a Chapter 7 trustee under a trustee's strong arm powers when the debtor is the only mortgagor and the acknowledgement clause states "[t]he foregoing instrument was acknowledged before me," but it does not provide the name of the mortgagor within the acknowledgement clause or any other information identifying the debtor as the person appearing before the notary to acknowledge her signature. For the reasons set forth below, the court determines that such mortgages may be avoided by a trustee.

## II. Findings of Fact and Procedural Backgrounds for the Adversary Proceedings

This decision addresses and resolves summary judgment motions which the Plaintiff, Thomas R. Noland (the "Trustee"), filed in two adversary proceedings (collectively the "adversary proceedings" and individually the "Burns adversary proceeding" or the "Alexander adversary proceeding") in unrelated estate cases for which he is the Chapter 7 trustee. The adversary proceedings were both commenced by the Trustee when he filed complaints in the bankruptcy cases of Diana M. Burns and Tracey L. Alexander on July 17, 2009 against the mortgagees and other persons holding a lien against or an interest in the real property subject to the mortgages. The Trustee filed motions for summary judgment in both adversary proceedings on April 2, 2010 with responses having been filed by most of the defendants to the adversary proceedings (hereinafter the "Respondents") and the motions have been briefed on essentially the same schedule. On June 9, 2010 the court heard oral argument on the motions from counsel for various parties in both adversary proceedings (the "oral argument"). During the oral argument counsel stated that they did not believe that there were distinguishing factual differences between the Burns and the Alexander adversary proceedings which could lead to a different legal result for the adversary proceedings. Nevertheless, the court will briefly outline the factual and procedural backgrounds of each proceeding.

### A. *Noland v. Burns*

1. *Findings of Fact.* On May 21, 2003 Ms. Burns, granted a mortgage (the "Burns Mortgage") in favor Gateway Funding Diversified Mortgage Services, LP. ("Gateway") as security for a promissory note. The parties agree that the current servicer for the Burns Mortgage is Wells Fargo Bank N.A. The Burns Mortgage was granted by Ms. Burns on real property located at 1112 Wildflower Lane, Maineville, Ohio (the "Wildflower Property"). The Burns Mortgage was recorded in the Recorder's Office of Warren County, Ohio on May 28, 2003. The Burns Mortgage was signed by Ms. Burns on page 12 of the document and recorded at Book 3062, Page 733. On that same page, the document contains an acknowledgment clause signed and notarized by Brandon M. Moser. The acknowledgment clause states that "[t]he foregoing instrument was acknowledged before me this 21st of May, 2003 by _____." (*See* Appendix A). All of these facts set forth in the Trustee's motion for summary judgment are agreed to by Wells Fargo (Doc. 36, p. 2) or are otherwise contained in the Burns Mortgage.

2. *Procedural Background.* The Trustee's complaint in the Burns adversary proceeding (Doc. 1) seeks a judgment declaring that the Burns Mortgage is invalid, avoiding the Burns Mortgage pursuant to 11 U.S.C. § 544(a)(3),[1] and preserving the mortgagee's interest in the Wildflower Property for the bankruptcy estate. Answers have been filed by Ms. Burns, the Warren County Treasurer, and Wells Fargo (Docs. 12, 13 & 23). The Landing and Gateway did not answer, but the docket reflects both entities were served a summons as required by Federal Rule of Bankruptcy Procedure 7004. Following a pretrial conference, the court, in an order entered on November 18, 2009 (Doc. 30), fixed a discovery cutoff and dates for dispositive motions. On April 2, 2010 the Trustee moved for summary judgment against all the defendants (Doc. 33).[2] Wells Fargo filed a response on April 22, 2010 (Doc. 36) (the "Wells Fargo Response") and the Trustee filed a reply brief on April 30, 2010 (Doc. 37) (the "Burns Reply").

### B. *Noland v. Alexander*

1. *Findings of Fact.* On May 15, 2004 Ms. Alexander granted a mortgage in favor of Allied Home Mortgage Capital Corporation ("Allied") as security for a promissory note (the "Alexander Mortgage" and collectively with the Burns Mortgage, the "Mortgages") (Doc. 34, ¶ 1 & Exh. A). The servicer for the Alexander Mortgage is BAC Home Loan Servicing, LP ("BAC"). The Alexander Mortgage was granted on real property located at 6579 Black Forest Court, Morrow, Ohio (Doc. 34, Exh. A) (the "Black Forest Property" and collectively with the "Wildflower Property", the "Properties"). The Alexander Mortgage was recorded in the Recorder's Office of Warren County, Ohio at Book 3815, Page 407. The Alexander Mortgage is signed by the grantor on a separate page from the acknowledgement clause (See Appendix B). The initials on the acknowledgment clause page are those of Ms. Alexander (Doc. 34, ¶ 5). The acknowledgment clause indicates that "[t]he foregoing instrument was acknowledged before me this 25th August, 2004 by _____." *Id.* All of these facts are undisputed.

2. *Procedural Background.* The Trustee's complaint in the Alexander adversary proceeding (Doc. 1) seeks a judgment declaring the Alexander Mortgage invalid, avoiding the Mortgage pursuant to § 544(a)(3), and preserve the mortgagee's interest in the Black Forest Property for the bankruptcy estate. Answers were filed by the Warren County Treasurer, BAC Home Loan Servicing, LP (fka Countrywide Home Loans) ("BAC"), and Ms. Alexander (Doc. 11, 14, & 49). Following a pretrial conference, the court, in an order entered on November 18, 2009 (Doc. 30), fixed a discovery cutoff and dates for dispositive motions. On April 2, 2010 the Trustee moved for summary judgment against all the defendants (Doc. 35).[3] Responses to the Trustee's motion were filed by Allied (Doc. 36) (the "Allied Response"), BAC (Doc. 37), and Ms. Alexander (Doc. 50) (the "Alexander Response"). The Trustee filed a reply brief on June 1, 2010 (Doc. 54) (the "Alexander Reply").

---

1. Unless otherwise noted, all statutory references are to the Bankruptcy Code of 1978, as amended, 11 U.S.C. §§ 101–1532 (the "Code"), cited hereinafter in this decision as "§ \_\_\_".

2. Wells Fargo moved for partial summary judgment on April 2, 2010 (Doc. 34), but later withdrew the motion (Doc. 35).

3. Wells Fargo moved for partial summary judgment on April 2, 2010 (Doc. 34), but later withdrew the motion (Doc. 35).

## III.  Analysis and Legal Conclusions

### A.  Jurisdiction

This court has jurisdiction over the adversary proceedings pursuant to 28 U.S.C. § 1334 and the standing order of reference in this District.  The adversary proceedings are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

### B.  Summary Judgment Standard

The standard to address the parties' filings is contained in Federal Rule of Civil Procedure (FRCP) 56(c) and is applicable to adversary proceedings through Bankruptcy Rule 7056 and states, in part, that a court must grant summary judgment to the moving party if:

> the pleadings, the discovery and disclosure statements on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

In order to prevail, the moving party, if bearing the burden of persuasion at trial, must establish all elements of its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  If the burden is on the non-moving party at trial, the movant must: 1) submit affirmative evidence that negates an essential element of the nonmoving party's claim or 2) demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.  *Id.* at 331–32, 106 S.Ct. 2548.  Thereafter, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'"  *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  All inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion.  *Matsushita,* 475 U.S. at 586–88, 106 S.Ct. 1348.[4]

### C.  The Trustee May Avoid the Mortgages on the Properties Through the Trustee's Strong Arm Powers

■ The Trustee seeks to avoid the Mortgages on the Properties under the "strong arm" powers of § 544.  By legal fiction, § 544(a)(3) allows a trustee to avoid a transfer of real property as "a hypothetical bona fide purchaser as of the commencement of the case."  *Gemini Servs., Inc. v. Mortgage Elec. Regis. Sys., Inc. (In re Gemini Servs., Inc.),* 350 B.R. 74, 81 (Bankr.S.D.Ohio 2006), *citing Kovacs v. First Union Home Equity Bank (In re Huffman),* 408 F.3d 290, 293 (6th Cir. 2005); *Geygan v. World Savings Bank (In re Nolan),* 383 B.R. 391, 397 (6th Cir. BAP 2008).

First, the Trustee is a "bona fide purchaser" (sometimes referred to as a "bona fide purchaser for value") as relates to the Properties.  Section 544(a)(3) provides, in pertinent part, as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation in-

---

**4.** It has been stated in cases that in order to avoid a mortgage, the trustee must prove by clear and convincing evidence that the mortgage can be avoided.  *See In re Daneman v. Nat'l City Mtge. Co. (In re Cornelius),* 408 B.R. 704, 708 (Bankr.S.D.Ohio 2009).  In the con-

text of a motion for summary judgment, this standard would be met if summary judgment is appropriate since judgment could be granted only if there are no material issues of fact and the trustee is entitled to judgment as a matter of law.

curred by the debtor that is voidable by—

\* \* \* \*

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Thus, § 544(a)(3) cloaks a bankruptcy trustee with the status of a bona fide purchaser of real property of the debtor.

█ Second, a bona fide purchaser status provides the Trustee the ability to avoid improperly executed mortgages. Ohio Revised Code (ORC) § 5301.25(A), provides, in pertinent part, that:

All ... instruments of writing **properly executed** for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in division (C) of this section and section 5301.23 of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated. **Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument.**

ORC § 5301.25(A) (emphasis added).[5] An improperly executed mortgage is not entitled to be recorded. *Stubbins v. Chase Home Fin. LLC (In re Robinson)*, 403 B.R. 497, 501 (Bankr.S.D.Ohio 2008). If an invalid mortgage is recorded, it is treated as though it had not been recorded.

*Mortgage Elec. Registration Sys. v. Odita,* 159 Ohio App.3d 1, 822 N.E.2d 821, 825 (2004). An improperly executed mortgage cannot provide constructive notice to a bona fide purchaser without knowledge and can be avoided by a Chapter 7 trustee. *Robinson,* 403 B.R. at 501.

█ Were the Mortgages improperly executed under Ohio law? The answer requires an analysis of the Ohio recording statutes because a mortgage must be executed in conformity with the statutory requirements of Ohio law to be considered valid. *Simon v. Chase Manhattan Bank (In re Zaptocky),* 250 F.3d 1020, 1024 (6th Cir.2001). While there are a number of different statutory requirements for a mortgage to be valid and enforceable in Ohio against third-parties such as bona fide purchasers, the only requirement in issue in these adversary proceedings is the issue of whether the acknowledgment clauses in the Mortgages are sufficient under Ohio law.

The Trustee's position as to whether the acknowledgment clauses in the Mortgages are sufficient is straight forward: The acknowledgment clauses are not sufficient under Ohio law because they neither identify the mortgagor whose signature was acknowledged nor do they identify the acknowledging party by direct or indirect reference. Burns Reply, p. 3; Alexander Reply, p. 3. The Respondents' arguments are two-fold: a) the acknowledgment clauses are sufficient under the Uniform Recognition of Acknowledgments Act, adopted by Ohio through ORC § 147.51–58 (the "URAA" or "Act"), which effectively overruled the Supreme Court of Ohio's decision in *Smith's Lessee* and the cases

---

5. Wells Fargo argues that Ohio Revised Code ("ORC") § 5301.25 does not apply to mortgages, and therefore that the bona fide purchaser language in ORC § 5301.25 does not protect bona fide purchasers seeking to avoid a mortgage. However, this court ruled against Wells Fargo on this issue in *Noland v. Wells Fargo Bank, N.A. (In re Williams),* 395 B.R. 33, 42, fn. 2 (Bankr.S.D.Ohio 2008).

that rely upon it, at least as pertains to an acknowledgment clause in a mortgage with only one mortgagor (see Wells Fargo Response, p. 9); and b) the Mortgages in their totality, including the acknowledgment clauses when they are considered with the other portions of those Mortgages, are in substantial compliance with the statutory requirements and, therefore, are valid and enforceable against a bona fide purchaser (see Alexander Response, pp. 3–4; Allied Response, pp. 2–3).

### 1. *The Statutory Framework*

■ Since the requirements for a valid mortgage in Ohio are provided by statute, an analysis of the statutory framework is in order. Of primary significance in these adversary proceedings is ORC § 5301.01(A) which provides that the signature of a mortgagor shall be acknowledged by a notary public (or certain other designated officials) and such notary (or official) shall certify the acknowledgment. Specifically, ORC § 5301.01(A) states:

> A ... mortgage ... shall be signed by the ... mortgagor.... The signing shall be acknowledged by the ... mortgagor ... before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

In order to satisfy ORC § 5301.01, (1) the mortgage "must be signed by the mortgagor; (2) the signing of the mortgage must be acknowledged before a notary public; (3) the notary public must certify th[e] acknowledgement; and (4) the notary public must subscribe his name to the certificate of acknowledgement." *Drown v. Countrywide Home Loans, Inc. (In re Peed)*, 403 B.R. 525 (Bankr.S.D.Ohio 2009),

quoting *Drown v. GreenPoint Mortgage Funding, Inc. (In re Leahy)*, 376 B.R. 826, 832 (Bankr.S.D.Ohio 2007). This decision concerns whether elements two and three have been satisfied with respect to the Mortgages.

The requirements pertaining to a notary's certification of an acknowledgment of an instrument are provided by the URAA. Ohio adopted the URAA and it became law in Ohio in 1974–75.[6] ORC § 147.53 requires the notary public to certify that:

> (A) The person acknowledging appeared before him and acknowledged he executed the instrument;

> (B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

ORC § 147.54 provides that the acknowledgement certification may either be "in a form prescribed by Ohio law" or contain the words " 'acknowledged before me' or their substantial equivalent." *See Nolan*, 383 B.R. at 395.

ORC § 147.541 provides a broad definition of "acknowledged before me" and provides that the words "acknowledged before me" mean that:

> (A) The person acknowledging appeared before the person taking the acknowledgment;

> (B) He acknowledged he executed the instrument;

> (C) In the case of:

> (1) A natural person, he executed the instrument for the purposes therein stated;

> * * * *

---

**6.** Most of the subsections became effective on January 1, 1974, but other subsections be-

came effective, in their original form or an amended form, on June 13, 1975.

(D) The person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate.

ORC § 147.541.

ORC § 147.55 provides the "statutory short form" for acknowledgment clauses in Ohio and states, in relevant part, that:

The forms of acknowledgment set forth in this section may be used and are sufficient for their respective purposes under any section of the Revised Code. The forms shall be known as "statutory short forms of acknowledgment" and may be referred to by that name. **The authorization of the forms in this section does not preclude the use of other forms.**

(A) "For an individual acting in his own right:

State of _____

County of _____

The foregoing instrument was acknowledged before me this (date) by **(name of person acknowledged.)**

(Signature of person taking acknowledgment) (Title or rank) (Serial number, if any)"

ORC § 147.55 (bold added) (the "statutory short form").

Finally, in recognition that the URAA is a set of the uniform laws adopted in multiple jurisdictions, ORC § 147.57 provides that: "Sections 147.51 to 147.58 of the Revised Code shall be so interpreted as to make uniform the laws of those states which enact it."

### 2. *Smith's Lessee*

Long before Ohio's adoption of the URAA, the Supreme Court of Ohio in *Smith's Lessee v. Hunt*, 13 Ohio 260 (1844), held that a mortgage containing an acknowledgment clause that did not include the sole grantor's name was defective. Specifically, the court stated:

Does the certificate in this case furnish any evidence of a compliance with the law? This must depend solely on the fact whether blank, and Ezekiel Folsom, the grantor, are synonymous. If Folsom is blank, and blank is Folsom, the execution of the mortgage is complete; but as no evidence is adduced to prove these facts, we know of no rule of law which will authorize us to inter that Ezekiel Folsom, the grantor, is just nobody at all. . . .

*Id.* at 268–69. When *Smith's Lessee* was decided, Ohio did not have a statute regulating acknowledgment clauses for mortgages.[7] Accordingly, the requirements for an acknowledgement clause in *Smith's Lessee* and subsequent precedent became part of the common of law of Ohio governing the validity of mortgages. *Smith's Lessee* has been applied by a number of bankruptcy courts in Ohio. *See Terlecky v. Chase Home Finance, LLC (In re Sauer)*, 417 B.R. 523, 532 (Bankr.S.D.Ohio 2009); *Hazlett v. Chase Home Fin., LLC (In re Nowak)*, 414 B.R. 269, 277 (Bankr. S.D.Ohio 2009); *Rieser v. Fifth Third Mortg. Co. (In re Wahl)*, 407 B.R. 883, 888–89 (Bankr.S.D.Ohio 2009); *Drown v. Countrywide Home Loans, Inc. (In re Peed)*, 403 B.R. 525, 531 (Bankr.S.D.Ohio 2009); *Helbling v. Mortg. Elec. Registration Sys., Inc. (In re Cala)*, 2008 WL 2001761 (Bankr.N.D.Ohio May 6, 2008); and *Field v. ABN AMRO Mortg. Group,*

---

**7.** *Smith's Lessee* was determined based upon earlier cases from Ohio and other jurisdictions.

*Inc. (In re Wheeler)*, 2005 WL 4057841, 2005 Bankr.LEXIS 2912 (Bankr.S.D.Ohio July 21, 2005).

### 3. *Dodd v. Bartholomew and The Doctrine of Substantial Compliance*

The Supreme Court of Ohio limited *Smith's Lessee* in *Dodd v. Bartholomew*, 44 Ohio St. 171, 5 N.E. 866 (1886). In *Dodd*, the mortgage was granted by Charles A. Clark and his wife, Sara, but the acknowledgment clause referred to "Charles B. Clark" and "Mary Clark." *Id.* at 868. Despite these scrivener errors in the mortgage, it was validated. *Id.* at 869. The difference between *Smith's Lessee* and *Dodd* is that the acknowledgment clause in *Dodd* was substantially in compliance with Ohio law and the one in *Smith's Lessee* was not. *Robinson*, 403 B.R. at 502. "This principle enunciated by the *Dodd* court essentially allows a court to determine whether the execution of the mortgage is in 'substantial compliance' with § 5301.01." *Id.* These early decisions are at the heart of the substantial compliance standard which is still used today. *See Smith's Lessee*, 13 Ohio at 266, *citing Brown v. Farran*, 3 Ohio 140 (1827) (requiring a certificate of acknowledgment substantially comply with the law).

*Dodd* and the substantial compliance doctrine have been applied in a number of cases in Ohio to find mortgages valid and enforceable. Thus, in *Administrator of Veterans Affairs v. The City Loan Company*, 1985 WL 9128, 1985 Ohio App. LEXIS 6697 (Ohio Ct.App. May 7, 1985), the court found that a mortgage was valid when the mortgagee's name was stated in the acknowledgment clause as being that of the mortgagor. In finding that the acknowledgment clause and mortgage was in substantial compliance, the court stated:

> The stipulated evidence (affidavits and deposition) in this case indicates that Betty S. Weber was present when the mortgage was executed and that she, at that time, acknowledged to the notary public that she signed same. The printing of defendant's name in the certificate of acknowledgment on the line reserved for the mortgagor's was a clerical mistake.
>
> It is obvious from the face of the mortgage that Weber was the mortgagor. This court finds that R.C.5301.01 was substantially complied with, and that the instrument, considered as a whole, created a valid lien on the premises in question.

*Id.* at *3, 1985 Ohio App. LEXIS 6697 at 6. Similarly, In *Mid–American Nat'l Bank & Trust Co. v. Gymnastics Int'l, Inc.*, the acknowledgment clause included the name of the corporation, instead of the officers of the corporation which signed the mortgage. 6 Ohio App.3d 11, 451 N.E.2d 1243, 1245–46 (1982). The court found the mortgage in substantial compliance. *Id.* at 1246. The court recognized the principle in the syllabus of *Dodd* that "[w]here an error occurs in the name of a party to a written instrument, apparent upon its face, and, from its contents, susceptible of correction, so as to identify the person with certainty, such error does not affect the validity of the instrument." *Id.* at 1245. However, it is apparent from the mortgage that the corporation, a legal fiction, must be represented by officers of that corporation. *Id.* at 1245–46. Additionally, two witnesses attested to the signatures of the individual officers. *Id.* at 1245. *See also Citifinancial, Inc. v. Howard*, 2008 WL 4193051 (Ohio Ct.App. Sept.15, 2008) (mortgage in substantial compliance when the mortgagor signed the mortgage in his individual capacity, but the acknowledgment clause named the individual in his corporate capacity, even through the corporation did not own the property in question).

512

### 4. The Mortgages Do Not Meet the Doctrine of Substantial Compliance

■ As suggested, citing *Dodd* and its progeny, the Respondents argue that the acknowledgement clauses of the Mortgages are in substantial compliance with Ohio law. Specifically, the Respondents argue that when the acknowledgment clauses are considered with the remainder of the Mortgages, the blank in the acknowledgment clause for the name of the person whose signature was acknowledged is insignificant and when the acknowledgment clause is considered with the entirety of the Mortgages, the acknowledgment clauses are in substantial compliance with the law.

The Respondents further argue that the erroneous name within an acknowledgment clause involved in *Dodd* is a "worse" error than a blank acknowledgement clause. However, while it is perhaps true that listing a completely different name for the mortgagor might be even more confusing than a blank acknowledgment clause, the Supreme Court of Ohio found that an erroneous name that allows an identification of the mortgagor can be in substantial compliance with Ohio law depending on the extent of the mistake. Cf. *Smith's Lessee v. Hunt*, 13 Ohio 260 (1844) (grantor name missing is not substantial compliance) and *Dodd v. Bartholomew*, 44 Ohio St. 171, 5 N.E. 866 (1886) (When the grantors were Charles A. Clark and his wife, Sara, and the acknowledgment clause referred to "Charles B. Clark" and "Mary Clark", court found substantial compliance).

In addition, the other substantial compliance cases cited by the Respondents are distinguishable from a "blank" acknowledgment clause. All of those cases include information in the acknowledgment clause which can be compared to the instrument in order to find substantial compliance. In the Mortgages at issue, the instruments were never witnessed and, unlike *Mid-American*, the acknowledgment clause was completely blank where the grantor's name should have been inserted. Without endorsing the particular reasoning of any of those decisions, in *Dodd, Howard and Mid-American*, reasonable inferences could be made because the acknowledgment clauses provided some information concerning the acknowledging name to compare to the mortgage.[8]

Multiple decisions addressing similar facts to the Mortgages in these proceedings have found that mortgages with the name of the mortgagor missing in the acknowledgment clause are invalid under Ohio law and are not saved by the doctrine of substantial compliance. Thus, in *Simon v. Citimortgage, Inc. (In re Doubov)*, the bankruptcy court held that the fact that the signature was on the same page as the acknowledgment clause and that the mortgagor's initials were on the same page as the acknowledgment clause with initials on other pages do not demonstrate that the grantor acknowledged his signature and under such circumstances the notary's certification is not sufficient to create a valid mortgage. 423 B.R. 505, 512 (Bankr. N.D.Ohio 2010) ("Citimortgage next argues that the missing acknowledgment can be constructed by looking to the signatures on the mortgage and the adjustable rate rider, as well as the initials which appear on the bottom of seven of the eight

**8.** Further, unlike *Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137 (Bankr.S.D.Ohio 2004), no other compelling evidence within the acknowledgment clause could lead to a finding of substantial compliance. See also *Rieser v. Fifth Third Mortgage Co. (In re Wahl)*, 407 B.R. 883, 888–90 (Bankr.S.D.Ohio 2009) (distinguishing defects which are technical and meet the substantial compliance standard from a blank acknowledgment clause).

pages. A certificate of acknowledgment, however, is not something that is pieced together by looking to various parts of the relevant documents; it is a specific statutory formality."). Similarly, in *Drown v. Countrywide Home Loans, Inc. (In re Peed)*, the bankruptcy court held an acknowledgment clause without the name of the person acknowledging included did not satisfy the certification requirement of ORC § 5301.01. 403 B.R. 525 (Bankr. S.D.Ohio 2009), *aff'd* Case No. C2–09–347 (S.D.Ohio Feb. 18, 2010).[9] The *Peed* decision also noted that initials of a mortgagor on the pages of the mortgage, separate from the acknowledgment clause, are insufficient. *Id.* at 536. *See also Terlecky v. Countrywide Home Loans, Inc. (In re Baruch)*, Adv. Pro. No. 08–2069, at *13–14 (Bankr.S.D.Ohio Feb. 23, 2009) (Doc. 46) (An acknowledgment clause must identify the acknowledging person to constitute a proper certification). In *Drown v. Green-Point Mtge. Funding, Inc. (In re Leahy)*, a mortgage acknowledgement clause left the name of the person acknowledging blank. 376 B.R. 826, 827 (Bankr.S.D.Ohio 2007). The principal argument of the mortgagee, which the court rejected, was that name was not needed to certify the mortgagor's signature ("MERS generally argues that because Ms. Leahy is the only person who signed the Mortgage, she is the only person 'whose name is subscribed to the foregoing instrument.'").

### 5. *Smith's Lessee Continues to Have Vitality Following the Adoption of the URAA*

The Respondents argue that *Smith's Lessee* no longer has vitality following Ohio's adoption of the URAA, at least with respect to mortgages with a single mortga-

gor. The Respondents emphasize two particular provisions of the URAA to support their arguments: a) ORC § 147.541, because of the meaning provided to "acknowledged before me", eliminates the need to complete the blank in the statutory short form for the name of the person acknowledging her signature; and b) ORC § 147.55 specifically permits "the use of other forms" of acknowledgment other than the statutory short form. For the reasons discussed below, the court finds that *Smith's Lessee* is still instructive and is consistent with the URAA; *Smith's Lessee* is consistent with the statutory short form; and the URAA as previously interpreted and applied in this Circuit and District does not support Respondents' argument.

Respondents argue that when only one mortgagor executes a mortgage, the definition of "acknowledged before me" provided by the URAA establishes that the mortgagor who signed the mortgage was the person who acknowledged her signature before the notary and, therefore, completing the blank in the statutory short form for the name of the person whose signature was acknowledged is unnecessary. This argument is based upon the language of ORC § 147.541 which in subsection (A) states that "acknowledged before me" means "[t]he person acknowledging appeared before the person taking the acknowledgement" and in subsection (D) states that "[t]he person taking the acknowledgment either knew or had satisfactory evidence the person acknowledging was the person named in the instrument or certificate." Specifically, the argument follows that since only one mortgagor is named in each of the Mortgages, the notary, aided by the specific meaning given to

---

**9.** The appellate decision can be found at Doc. 30 of the bankruptcy court's docket, Adv. No. 07–2938.

the term "acknowledged before me," knew who the person acknowledging the instrument was because she is the only person named in the instrument and, as a matter of law, certified that the person who signed the instrument was the person who acknowledged the signing of her name to the instrument without the name being listed in the blank left in the statutory short form.

Respondents' argument has appeal with respect to the fact pattern of a single grantor.[10] The meaning provided by ORC § 147.541 to the term of art "acknowledged before me," at least read in isolation, provides a basis to conclude the mortgagor's name is not necessary when there is only one mortgagor. Further, *Dodd v. Bartholomew* and its progeny instruct us that not all errors in mortgage acknowledgment clauses or with respect to other mortgage drafting and execution issues are fatal. Absent significant precedent on the issue, determination of the issue would be more difficult. However, the court is not viewing this issue as a matter of first impression. Respondents' argument has been rejected by the courts applying this statute in Ohio and by the United States Court of Appeals for the Sixth Circuit and the Bankruptcy Appellate Panel for the Sixth Circuit (the "BAP") applying similar statutes.[11]

In a decision interpreting Kentucky law, which has also adopted the URAA, the BAP squarely rejected Respondents' argument. In *In re Trujillo*, the Chapter 13 Trustee avoided a mortgage when the acknowledgment clause left the name of the mortgagor blank. *Select Portfolio Svcs., Inc. v. Burden (In re Trujillo)*, 378 B.R. 526 (6th Cir. BAP 2007). In rejecting the argument that Section 423.130 of the Kentucky Revised Statutes, which is identical to ORC § 147.541, did not require the name of the mortgagor to be listed in the acknowledgement clause, the BAP found such an interpretation would render Ky. Rev.Stat. § 423.130, the equivalent of ORC § 147.53, superfluous. *Id.* at 537.

The Respondents suggest that *Trujillo* can be distinguished because Kentucky law is stricter as to blank acknowledgment clauses than Ohio. The court is unconvinced. First, if anything, the Kentucky cases cited prominently in *Trujillo* rejected arguments that the URAA should not be applied.[12] Second, the URAA is intended, like the Uniform Commercial Code and other uniform statutes, to be enacted to have consistent application and, therefore, consistent interpretation from state to state. ORC § 147.57.[13] The *Trujillo* decision is also consistent with the Sixth Circuit's decision in *Gregory v. Ocwen Fed.*

10. The court previously determined that a debtor's one-half interest in real property may be avoided by a bankruptcy trustee when the acknowledgment clause only included the name of one of the two mortgagors. *Rieser v. Fifth Third Mortgage Co. (In re Wahl)*, 407 B.R. 883, 888–90 (Bankr.S.D.Ohio 2009).

11. In general, this court intends to follow the decisions of the Sixth Circuit Bankruptcy Appellate Panel. Accord *Rhiel v. OhioHealth Corp. (In re Hunter)*, 380 B.R. 753, 771–75 (Bankr.S.D.Ohio 2008).

12. To the extent Ohio is less strict than Kentucky concerning certain aspects of an ac-

knowledgment clause for a mortgage, such as a missing date or seal, these decisions are not a reason to interpret the URAA differently for Ohio and Kentucky on the central issue of blank acknowledgement clauses.

13. Respondents argue that the language of ORC § 147.57 only means that other states should recognize acknowledgment clauses based on the law of another state. However, that principle is codified in ORC § 147.54(B). ORC § 147.57, by its plain meaning, mandates an interpretation of Ohio's URAA consistent with other states that have adopted the URAA.

Bank (In re Biggs), *377 F.3d 515 (6th Cir.2004), which was based on Tennessee law. The* Trujillo *court noted Tennessee law is not distinguishable from Kentucky law on this issue and, at the time* Trujillo *was decided, Ohio law was not materially different than Kentucky law. Thus, uniformity, particularly uniformity within the Sixth Circuit,*[14] *favors a construction of ORC § 5301.01(A) and the URAA which finds that when the blank provided for the name of the person whose signature is being acknowledged is not completed and there is no other information within the acknowledgment clause from which the court can determine whose signature was acknowledged, the notary's certification is not sufficient and the mortgage is invalid.*[15] See also Spaeth v. Countrywide Home Loans, Inc. (In re Highland), *Adv. No. 09–3006 (Bankr.S.D.Ohio Jan. 27, 2010),* aff'd, *Case No. 10–cv–120, at \*7–8 (S.D.Ohio July 8, 2010) (Rose, J.) ("[T]he law provides that failure to recite names of the mortgagors in the acknowledgment clause, or at least reference the mortgagor in some way that ties to the four corners of the mortgage, renders the mortgage defective . . . .").*

The ruling in *Trujillo* is also consistent with *Geygan v. World Savings Bank (In re Nolan),* 383 B.R. 391 (6th Cir. BAP 2008), in which "witness my hand" was determined to not be equivalent to or a satisfactory substitution for "acknowledged before me" *under Ohio law.* In *Geygan* the BAP reaffirmed this construction of the URAA, stating:

> The bankruptcy court also concluded in this regard that even if the phrase "witness my hand" was determined to be the substantial equivalent of "acknowledged before me," the acknowledgment is defective because the names of the borrowers are not recited. We agree. "Ohio

---

**14.** The following decisions within the Sixth Circuit support a finding that the Mortgages are invalid due to an acknowledgment clause with the name left blank: *Burden v. CIT Group/Consumer Fin., Inc. (In re Wilson),* 318 Fed.Appx. 354 (6th Cir.2009) (applying Kentucky law); *Gregory v. Ocwen Fed. Bank (In re Biggs),* 377 F.3d 515 (6th Cir.2004) (applying Tennessee law); *Countrywide Home Loans, Inc. v. Gardner (In re Henson),* 391 B.R. 210, 2008 WL 2684847 (6th Cir. BAP 2009) (table decision) (applying Kentucky law); *Geygan v. World Savs. Bank (In re Nolan),* 383 B.R. 391 (6th Cir. BAP 2008) (applying Ohio law); *Select Portfolio Servs., Inc. v. Burden (In re Trujillo),* 378 B.R. 526 (6th Cir. BAP 2007)(applying Kentucky law); *MG Invs., Inc. v. Johnson (In re Cocanougher),* 378 B.R. 518 (6th Cir. BAP 2007) (following *Biggs* ); *Greenpoint Credit, LLC v. Gigandet (In re Chandler),* No. 3:05–0564, 2005 WL 3263331 (M.D.Tenn. Nov. 30, 2005) (adopting holding in *Biggs* ); *Drown v. Countrywide Home Loans, Inc. (In re Peed),* 403 B.R. 525 (Bankr.S.D.Ohio 2009) (applying Ohio law); *Drown v. GreenPoint Mortgage Funding, Inc. (In re Leahy),* 376 B.R. 826 (Bankr.S.D.Ohio 2007) (same).

**15.** Courts in other jurisdictions appear to be split on whether the name left blank in the acknowledgment clause renders the mortgage invalid. Some jurisdictions have taken the position of the courts within the Sixth Circuit and found such mortgages to be invalid. *See, Agin v. Mortg. Elec. Registration Sys., Inc. (In re Giroux),* 2009 WL 1458173, 2009 Bankr.LEXIS 3429 (Bankr.D.Mass.2009); *Stubbs v. Chase Manhattan Mtge. Corp. (In re Stubbs),* 330 B.R. 717 (Bankr.N.D.Ind.2005), aff'd 2006 WL 2361814 (N.D.Ind. Aug.14, 2006) (applying Indiana law). However, *Stubbs* was effectively overruled by changes to the Indiana Code. *Miller v. LaSalle Bank Nat'l Ass'n (In re Gysin),* 409 B.R. 485 (Bankr. N.D.Ind.2009). Courts in other jurisdictions have applied the doctrine of substantial compliance and have looked beyond the acknowledgment clause to find such mortgages valid. See *Morton v. Resolution Trust Corp.,* 918 F.Supp. 985, 992 (S.D.Miss.1995); *Farm Bureau Finance Co., Inc. v. Carney,* 100 Idaho 745, 605 P.2d 509 (1980); *Gardner v. Inc. City of McAlester,* 1946 OK 360, 198 Okla. 547, 179 P.2d 894 (Okla.1946); *Coates v. Smith,* 81 Or. 556, 160 P. 517 (1916); and *Estate of Dykes v. Estate of Williams,* 864 So.2d 926 (Miss.2003).

Revised Code §§ 147.53, 147.54 and 147.55 clearly require some identification of the person whose signature is being acknowledged. This requirement satisfies the primary purpose of the acknowledgment on a mortgage that the person signing the mortgage is indeed the person to whom the mortgage obligation runs." (Jt.App. at 336.)

*Id.* at 396.

The statutory short form provided by the URAA further support's this court's ruling. Although the statutory short form contains a blank to be completed for the names of the people whose signatures are being acknowledged, Wells Fargo argues that use of the short form is not mandatory and that in fact ORC § 147.55 specifically authorizes use of other forms. For example, in *Roberts* Judge Preston found that use of the phrase "executed before me" instead of "acknowledged before me" in the acknowledgment clause did not invalidate the mortgage.[16] However, while use of the statutory short form provided by ORC § 147.55 is not mandatory, the statutory short form strongly suggests that certain minimum elements of an acknowledgment clause are expected for an acknowledgment clause to be in substantial compliance. While certain missing elements in the short form can be overlooked as not being essential to substantial compliance, different forms can be used, and different language may be sufficient to constitute an enforceable acknowledgment clause, inclusion of the name of the person whose signature was acknowledged or some information within the acknowledgment clause which would identify whose signature was acknowledged is, consistent with *Smith's Lessee*, the language of ORC § 147.53, and Sixth Circuit precedent, a material part of the acknowledgment clause. *See Hazlett v. Chase Home Fin., LLC (In re Nowak)*, 414 B.R. 269, 277 (Bankr.S.D.Ohio 2009) ("It is true that courts have interpreted the statutory short forms as contemplating that the mortgagor must be identified in the certificate of acknowledgment.... This view, however, finds support in controlling Ohio case law and in the entire statutory framework of Ohio's Uniform Recognition of Acknowledgments Act ..., Ohio Revised Code §§ 147.51 to 147.58, not merely in § 147.55 alone."). Further, the fact that the statutory short form specifically includes a blank for the name of the person whose

16. The Respondents have cited *Hardesty v. Citifinancial, Inc.* for its discussion of ORC § 147.541 in support of their position that the use of the phrase "acknowledged before me" obviates the need for the mortgagor to be listed in the acknowledgement clause. *Hardesty v. Citifinancial, Inc. (In re Roberts)*, 402 B.R. 808 (Bankr.S.D.Ohio 2009), *aff'd* 419 B.R. 20 (6th Cir. BAP 2009). However, Roberts is not inconsistent with the Sixth Circuit precedent discussed above. In Roberts, the acknowledgement clause included the names of the mortgagors. *Roberts*, 402 B.R. at 809. The court determined that the phrase "executed before me" was the substantial equivalent of "acknowledged before me" and the mortgage could not be avoided. The Roberts decision, citing the precedent of *Brown v. Farran*, 3 Ohio 140 (Ohio 1827), recognized that no particular phraseology is required for an acknowledgement clause. The Roberts decision found an "irresistible inference" the acknowledgment clause was in substantial compliance with Ohio law. Roberts, 402 B.R. at 814, *citing Farran*, 3 Ohio at 154. However, in Roberts, the names of the mortgagor were included in the acknowledgement clause and Roberts never indicated ORC § 147.541 could be read in isolation from the remainder of the URAA, including ORC § 147.53, to eliminate the requirement that the names of the people acknowledging their signatures be listed. In fact, other decisions from Judge Preston have held a mortgage could be avoided when the name of a single mortgagor was missing. *Daneman v. Nat'l City Mtge. Co. (In re Cornelius)*, 408 B.R. at 708; *Stubbins v. Espenschield (In re Espenschield)*, Adv. Pro. No. 08–2266, Doc. 31 (Bankr.S.D.Ohio March 16, 2010).

signature is being acknowledged suggests that the URAA codified the principle established in *Smith's Lessee*, rather than overturning it. *See Drown v. Countrywide Home Loans, Inc. (In re Peed)*, 403 B.R. 525, 531 (Bankr.S.D.Ohio 2009) ("This form clearly contemplates that the notarial certification is to include the name of the person acknowledging the document.").

## IV. Conclusion

The acknowledgment clauses for the Mortgages, both of which left the space for the name of the mortgagor completely blank, are not in substantial compliance with Ohio law because the URAA, as interpreted by the Sixth Circuit Bankruptcy Appellate Panel and other reported decisions, and consistent with Ohio precedent which pre-date the URAA, requires the identification of the mortgagor within the acknowledgment clause or sufficient information within the acknowledgment clause so that the person whose signature was acknowledged can be identified through a review of the remainder of the mortgage.

The court also finds that *Smith's Lessee* is consistent with the URAA and remains binding precedent in Ohio. The failure to include the name of the mortgagor in the blank on the statutory short form without any other information in the acknowledgment clause identifying who acknowledged the signing of his or her name to the mortgage renders the notary's certifications invalid and, consequently, the Mortgages may be avoided.

Accordingly, the Chapter 7 Trustee's Motions for Summary Judgment (Doc. 33 in Adv. Pro. No. 09–3198 and Doc. 35 in Adv. Pro. No. 09–3199) are **granted** and the Burns Mortgage and the Alexander Mortgage are avoided pursuant to 11 U.S.C. § 544(a)(3) and the Debtors' interests in the Properties are preserved for the benefit of the respective bankruptcy estates. *See* 11 U.S.C. § 550 & 551.[17] A separate order consistent with this decision will be simultaneously entered in Adv. Proceedings No 09–3198 & 09–3199.

**IT IS SO ORDERED.**

17. The remainder of the prayers in the Trustee's complaints concern mechanical issues to liquidate the Properties for the benefit of the debtors' estates or otherwise compensate the estates for the value in the Properties. Consistent with other decisions, the court finds it sufficient to preserve the Properties for the estates. These prayers are denied, without prejudice to any separate motion by the Trustee to administer these assets.

518

APPENDIX A

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 17 of this Security Instrument and in any Rider executed by Borrower and recorded with it.

Executed this 21st day of

_____ (Seal)    _____ (Seal)
DIANNA M BURNS                 -Borrower                                    -Borrower

_____ (Seal)    _____ (Seal)
                               -Borrower                                    -Borrower

_____ (Seal)    _____ (Seal)
                               -Borrower                                    -Borrower

State of
County of

The foregoing instrument was acknowledged before me this 21st of May, 2003          (date) by

_____
(name of person(s) acknowledged)

_____
Notary Public

BRANDON M. MOSER
Notary Public, State of Ohio
My Commission Expires ___4-9-08___

My commission expires:    4-9-08

This Instrument was prepared by:                    Dawn Lavole
                                                    (name)

OHIO—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                         Form 3036 1/01
ITEM 1825L12 (0011)                    (Page 12 of 12 pages)    GREATLAND ■
                                                    To Order Call 1-800-530-9393 □ Fax 616-791-1131

BOOK 3062   PAGE 733

APPENDIX B

###